JOSEPH SCHNAIDER'S BREWING COMPANY, Respondent, v. JOSEPH Y. LEVVIE, Appellant.

**St. Louis Court of Appeals, April 1, and May 20, 1890.**

1. **Practice, Appellate :** AFFIRMANCE FOR FAILURE TO FILE TRANSCRIPT. When an appellant has failed to file a transcript of the record within the prescribed time, and a motion is made by appellee for an affirmance of the judgment on that ground, the fact that the appellant at the time of the motion presents such transcript, or that he has such transcript on file when the motion is made, is not in itself ground for the overruling of the motion.

2. ———— : WRIT OF ERROR AFTER AFFIRMANCE ON APPEAL. When a judgment has been affirmed on an appeal therefrom, it cannot thereafter be reviewed upon a writ of error ; and this is so, though

the affirmance was made for the failure of the appellant to file a transcript within the prescribed time, and, therefore, without a hearing of the appeal on its merits.'

3. **Appeal:** ATTACHMENT SUIT. A judgment upon a plea in abatement in attachment proceedings can only be reviewed upon an appeal taken within the time prescribed by the special statutory provisions on that subject.

*Appeal from the St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*John R. Warfield* and *O. J. Mudd*, for appellant.

*Zach. J. Mitchell* and *H. A. Haeussler*, for respondent.

ROMBAUER, P. J.—The plaintiff, respondent, produces a certificate of the clerk of the circuit court, from which it appears that judgment was rendered in its favor in the court below on December 20, 1889, and that, on the thirtieth of the same month, an appeal was granted to the defendant to this court. The plaintiff alleges that no transcript was filed by appellant in this court as required by law, and moves for an affirmance of the judgment.

The defendant now produces a transcript and asks leave to file it, supporting his motion with affidavits purporting to show cause why the transcript was not filed in time. Affidavits in opposition are filed by the plaintiff.

The fact that the appellant has on file, or presents a copy of the transcript, when a motion to affirm is made, is, under rule 22 of this court, of itself, no good cause why the judgment should not be affirmed, and we are satisfied from a careful examination of all the affidavits, that the defendant might, by the exercise of reasonable diligence, have filed a transcript in due time in this

court.   The case has been repeatedly tried below with the same result.   The appellant has failed to show good cause why the judgment should not be affirmed.   All the judges concurring, it is affirmed.

OPINION ON MOTION FOR WRIT OF ERROR.

THOMPSON, J.—The defendant presents a certified transcript of the record of the circuit court of St. Charles county, and moves this court to grant him a writ of error and an order of *supersedeas*.   The same transcript was filed in this court on February 28, and on April 1 this court, on motion of the respondent, affirmed the judgment of the circuit court, for the failure of the appellant to prosecute his appeal within the time prescribed by law.

I.   The first question which we have to consider upon this motion is, whether a writ of error will lie at all in a case of this kind.   The statute under which the judgment was affirmed reads as follows :   ''The appellant shall perfect his appeal in the manner and within the time prescribed in the next succeeding section, and if he fails so to do, and the respondent shall produce in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted, and the time when the appeal was granted, such certificate shall be *prima facie* evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment so appealed from, *and the court shall affirm the judgment*, unless good cause to the contrary be shown.''   R. S. 1889, sec. 2252.   We assume that the statute, thus requiring the appellate court to affirm the judgment in the case therein stated, unless good cause to the contrary be shown, means what it says, and that, when the judgment is thus affirmed, no further proceeding to reverse

it in an appellate tribunal will lie. We know of no decisions in this state on the precise point. The only one which has been cited to us in behalf of the defendant, who makes this motion, is the case of *Brill v. Meek*, 20 Mo. 358. What is cited to us from that case is the remark made in the opinion of the court by Judge Scott, that "when an appeal has been once granted, the power over the subject is *functus officio*, and cannot be exercised a second time. This has been the uniform practice. After a party, from any cause, has lost the benefit of his appeal, he is driven to his writ of error." But the court was there speaking with reference to a case where a former appeal had been dismissed, and not where the court had already affirmed the judgment, acting under a statutory power. The observation of the court that a writ of error lies where a party has, "*from any cause*," lost his appeal is, therefore, no authority, in so far as it went beyond the scope of the question before the court. That this conclusion is unavoidable will appear on a moment's further reflection. Suppose we were to grant a writ of error in this case, and, on the hearing of the same, should reverse the judgment of the circuit court. This anomaly would then exist, that the same judgment has been both affirmed and reversed by the same appellate court. Which would be the operative judgment in such a case, our judgment of affirmance or our judgment of reversal?

This view is enforced by the opinion of this court in the unreported case of *Cowan v. Shepley*, decided in the year 1881, and abstracted in 9 Mo. App. 594. In that case a judgment was rendered for the plaintiff in the circuit court, whereupon the defendants brought the case to this court by writ of error, and the judgment was here affirmed for failure to assign errors. Afterwards the defendant sued out another writ of error, upon which the record was again brought to this court. The defendant in error moved the court to

quash the writ of error, because of the final adjudication already made. This motion was resisted by the plaintiffs in error, on the grounds that there had been no hearing of the cause on the merits, and that a party should not be forever cut off from such a hearing by an affirmance upon a mere technicality. This court ruled upon the question thus presented in an opinion given by Judge LEWIS, as follows: "A judgment in this court, of affirmance or reversal, on appeal or writ of error, makes an end of the controversy, so far as this court is concerned. While it stands, we have no authority to subject the parties to a reopening of the litigation. If the first writ of error had been simply dismissed, the same difficulty would not lie in the way of another writ. But in final judgments of affirmance or reversal, we know of no distinction between those which are reached in due course of law after a full hearing, and such as result, also in due course of law, from the conditions and requirements of a positive statute. The motion to quash must be sustained, and the cause dismissed. All the judges concur." This decision is an authority conclusive of the question before us.

These observations dispose of the motion; but, beyond this, it may be more satisfactory to the parties to observe that the only contention seems to be as to the propriety of the judgment for the plaintiff on the defendant's plea in abatement to the attachment. It was held by this court in *Duncan v. Forgey*, 25 Mo. App. 310, that such a judgment cannot be reviewed on writ of error sued out after the expiration of the time allowed for prosecuting an appeal, but that it can only be reviewed upon the appeal given by the statute. R. S. 1879, sec. 439; R. S. 1889, sec. 562.

The motion will be denied. It is so ordered. All the judges concur.