KANSAS CITY SEWER PIPE COMPANY, *Appellant*, v. THOMPSON *et al.*

Division Two, February 13, 1894.

1. **Contract:** PARTIES. A stranger to a contract can not, as a general rule, sue thereon.

2. ———: ———. An exception to the foregoing rule exists, however, where the contract is made for the benefit of a third person or where property or money has been delivered to one who promises to pay or to deliver it to another.

3. **City:** SEWER CONTRACT: BOND: PARTIES. Although by a bond executed to a city, the sureties guarantee that the contractor who has a contract with the city for the construction of a sewer shall pay for all materials furnished, the persons furnishing the materials can not sue on the bond as the city is not liable for the materials and has no power to make such a provision for the benefit of other persons.

4. ———: ———: ———: ———. Such power is not implied in the power of the city to construct sewers.

*Appeal from Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*Albert Young* for appellant.

(1) The city of Sedalia, being a body politic, with capacity to contract, may, within the sphere and in the execution of its appropriate powers, take bonds and securities which are not prohibited, though not prescribed expressly in the legislative grant. Such bonds and contracts, when taken for a lawful purpose, and upon good consideration, are valid. 1 R. S. 1889, secs. 1494–1499; 1 Dillon's Mun. Corp. [4 Ed.], secs. 89–91, and secs. 214, 447; *United States v. Tingey*, 5 Pet. (U. S.) 114; *United States v. Linn*, 15 Pet. (U. S.) 290; *Montville v. Houghton*, 7 Conn. 543; *St. Joseph v. Coffinbury*, 1 Mich. 355; *McCarthy v. Chicago*, 53 Ill. 38; *Turner v. Clarke County*, 67 Mo. 243. (2) A contract may be enforced by a third party when entered into for his benefit, though he is not named therein, or is ignorant of its provisions or existence at the time of its execution. There need be no privity between such parties. This is a doctrine well settled in the jurisprudence of this state. *Rogers v. Gosnell*, 58 Mo. 589; *State ex rel. v. Gas Light Co.*, 102 Mo. 472; *Ellis v. Harrison*, 104 Mo. 270. (3) If there be in fact a consideration for a promise or engagement made for the

benefit of the person who sues, it is not essential for it to have passed directly from him to the person sued. *Claflin v. Ostrom*, 54 N. Y. 581; *Hendrick v. Lindsay*, 93 U. S. 143; *Lumber Co. v. Water Co.*, 89 Ky. 340; *Anderson v. Fitzgerald*, 21 Fed. Rep. 294; *Burton v. Larkin*, 36 Kan. 246; *Devol v. McIntosh*, 23 Ind. 529; *Gandy v. Gandy*, 30 L. R. Ch. Div. 57. (4) The city of Sedalia had the power to make this contract for itself as well as for the benefit of third parties, and did make it, and the plaintiff, appellant, being the real party in interest, has the right to prosecute in its own name, and may do so by the express provision of our practice act. *City of Kansas ex rel. Blumb v. O'Connell*, 99 Mo. 357.

*Jackson & Montgomery* and *J. T. Montgomery* for respondents.

(1) The trial court committed no error in sustaining the demurrer to the evidence. The bond sued on is not available to third persons, and the defendants are only liable to the city. *Blumb v. O'Connell*, 99 Mo. 357; *Davis v. Water Co.*, 54 Iowa, 59. (2) Municipal corporations under their charters can exercise the following powers and no others: *First*, those granted in express words; *second*, those necessarily or fairly implied or incident to the powers granted; *third*, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. *Gas Light Co. v. Mercer*, 48 Mo. App. 644; *Knapp v. Kansas City*, 48 Mo. App. 485; *St. Louis v. Tel. Co.*, 96 Mo. 628; *Kansas City v. Swope*, 79 Mo. 446; Dillon on Mun. Corp. [4 Ed.], sec. 89. (3) It is not within the charter powers of the city of Sedalia, organized under the statutes as a city of the third class, to incorporate in its contracts for the building of public works pro-

visions of indemnity for the individual benefit of third
parties. *Becker v. Water Works*, 79 Iowa, 419. (4)
The plaintiff was not entitled to recover on the con-
tract and bond because it was not a privy to the
contract between the city of Sedalia and the defend-
ants, and because, further, the provisions in the con-
tract and bond state, in express terms, its manifest
purpose to bind the contractor and his sureties (the
defendants herein) to indemnify and save harmless the
city; and to assume all responsibility and hence can
only be construed in favor of the city and not for the
benefit of third persons. *Ins. Co. v. Water Co.*, 42 Mo.
App. 118; *Beck v. Water Co.*, 11 Atl. Rep. (Pa.) 300.
(5) The city of Sedalia can not assume a liability
where none was imposed by law and the contract and
bond must be construed as one of indemnity, having
reference to existing grounds of liability and not crea-
ting new ones. *Vanhorn v. City*, 63 Iowa, 448. (6)
The city of Sedalia had no power under its charter,
either expressed or implied, to incorporate in the con-
tract the clause relied upon by the appellant, viz.:
"Said parties of the second part (defendants) hereby
guarantee that said party of the first part, will well and
truly perform the covenants hereinbefore contained, to
pay all laborers employed and for all material furnished
on said work." There is no covenant in the contract,
by which Camp, the contractor, agrees to pay for mate-
rial furnished.

GANTT, P. J.—In August, 1890, the city of Sedalia,
a city of the third class under the general laws of
Missouri, by its council, duly passed an ordinance
providing for the construction of a sewer in said city
to be known as district sewer number 6. The ordi-
nance provided, among other things, that said work
should be let by the city engineer by taking bids for

same, and that the successful bidder should enter into a contract and give bond for the faithful performance of the work in the principal sum of double the amount of the estimated cost of the work made by the engineer, and that said bond should be accepted and approved by the mayor of the city. One E. J. Camp was the successful bidder for the construction of the sewer and he is principal and party of the first part, with the defendants, J. C. Thompson and Cyrus Newkirk, as sureties, and parties of the second part, entered into a contract and bond in the sum of $60,000 with the city of Sedalia for the faithful performance of his bid. The contractor was to receive special tax bills in payment of the work, and the city was not to be otherwise liable. The obligation of the sureties followed the stipulations of the contract in the same instrument, and was in these words:

"Said parties of the second part hereby guarantee that the said party of the first part will well and truly perform the covenants hereinbefore contained, to pay all laborers employed and for the material furnished on said work. And said parties of the second part, their heirs, executors and administrators, bind themselves and agree with the city of Sedalia, Missouri, that said party of the first part will well and faithfully perform each and all the terms and stipulations in the foregoing contract to be done, kept and performed on the part of the said party of the first part, but said parties of the second part shall not be liable herein beyond the sum of sixty thousand dollars ($60,000).

"In witness whereof the said parties of the first part and second part have hereunto set their hands and seals, respectively, and the city of Sedalia, Missouri, executed this contract by order of the city council, and in witness whereof the seal of the city of

Sedalia, Missouri, is hereto attached and attested by the city clerk.

"E. J. CAMP,                    [SEAL]

"C. NEWKIRK,                    [SEAL]

"J. C. THOMPSON,               [SEAL]

"CITY OF SEDALIA, MISSOUI,

"By A. R. EASTON, JR.,

"City Clerk.

"Mayor's office Sedalia, Missouri, September 10, 1890.

"The sureties and bond aforesaid are hereby approved as sufficient.

"E. W. STEVENS."

The plaintiff herein, a corporation, furnished said Camp sewer pipe for said work to the amount of $5,622.47, and he paid on said account $1,083.57, leaving a balance of $4,539.20 unpaid. Camp being insolvent, plaintiff brought this action, claiming that by virtue of said bond, the sureties of said Camp were liable to it, under the stipulation in said bond, "to pay for all material furnished on said work." The answer is a general denial. The circuit court sustained a demurrer to the evidence, and plaintiff brings the case here by appeal.

The sole question in this case is, can the plaintiff avail itself of the provision made in the contract between Camp and his sureties and the city of Sedalia to which he was not a party. It will not be claimed that there is any express provision in the charter of cities of the third class under our revised statutes that authorizes them to make contracts, and require bonds for the benefit of *third persons*. The powers of municipal corporations depend upon their charters and they must appear to be directly granted or necessarily or fairly implied in order to effectuate the purposes for which the charter is granted. It is not enough that they would be convenient. It was a general rule of the

common law that a stranger to the contract who had suffered damages by the nonperformance of it could could not sue the defaulting party. This was the general rule, to which there were well defined exceptions, as where the principal object of the contract between the contracting parties was a benefit to a third person, or where property or money was delivered into the hands of one who promises to deliver it or pay it out to another, and in other instances.

The rule was well stated in *Vrooman v. Turner*, 69 N. Y. 280, by ALLEN, Judge. He says: "To give a third party who may derive a benefit from the performance of the promise, an action, there must be, *first*, an intent by the promisee to secure some benefit to the third party; and, *second*, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally. * * * A mere stranger can not intervene, and claim by action the benefit of a contract between other parties."

In those cases where the contract is made for the benefit of the third person, the law creates the privity and implies the promise. But in this case for want of corporate capacity, the city of Sedalia was not authorized to make a contract for the benefit of plaintiff and it can not be presumed that it intended to do something, not permitted by its charter; neither can it be presumed that it intended this bond for the benefit of plaintiff, as it was under no obligation, legal or equitable, to pay plaintiff or Camp for the material furnished, and there was no privity in law between plaintiff and the city; so that the cases of *Rogers v. Gosnell*, 58 Mo. 589; *State ex rel. v. Gaslight Co.*, 102 Mo. 472; and *Ellis v. Harrison*, 104 Mo. 270, are not applicable

here.   It is very clear that the bond was one of indemnity alone, and was taken solely for the protection and benefit of the city, and the clause relied on to give plaintiff his action was meaningless and without consideration, either between Camp and the city or Camp and his bondsmen and plaintiff, because, as already said, the city was not even contingently liable to any one for the material, and the contract, to secure which the bond was given, required nothing of the kind. As the city was not liable for the material and no lien could be asserted against her by plaintiff, it is very clear that it was not essential to the exercise of its charter right to construct sewers, that it should have the implied power to contract for plaintiff's benefit.

We consider that this question was settled in principle in *City of Kansas ex rel. Blumb v. O'Connell,* 99 Mo. 360.   In that case O'Connell was the contractor for building a sewer for Kansas City.   He entered into a contract and bond in all material respects like the one sued on in this case.   Mary Blumb was injured by a piece of stone thrown upon her by a blast by his workmen while excavating for the sewer.   She sought to avail herself of the stipulation in the bond that O'Connell should be responsible for all damages caused by negligence or carelessness in the work, but this court held that to the extent that the charter of Kansas City required that all such contracts should contain a covenant on the part of the contractor "to pay all laborers," which should be guaranteed by two or more sureties, and giving a cause of action to such laborers, they could sue upon it, but that as the charter made no provision in favor of other persons nor gave them any right to sue upon the bond, she could not sue on it.

Now the charter of Sedalia differs from that of Kansas City in this respect, it had no provision corresponding to said section 8, article 9, of the charter of

Kansas City as adopted by the Act of 1875, page 255, referred to in the *Blumb case,* and hence the material man under the Sedalia charter has no greater right than one who was damaged by negligence under the charter of Kansas City. The circuit court correctly held that the sureties as such were not in privity with the plaintiff, and the bond was not made for his benefit.

As to the other propositions that these sureties may be regarded as original contractors or guarantors and not sureties, we think that a reading of the whole instrument together shows conclusively that they stood in the relation of sureties only for the performance of the contract as between Camp and the city of Sedalia. The judgment is affirmed. All concur.