HICKS, *Appellant*, v. HAMILTON.

144 495
78a 239
144 495
o156 269
o156 270
144 495
f87a 320

Division One, June 8, 1898.

**1. Mortgage:** ASSUMPTION OF MORTGAGE DEBT BY GRANTEE. A mortgagee can not recover upon an agreement to assume a mortgage debt inserted in a deed to a remote grantee of the premises, when the grantor in such deed purchased the property subject to the mortgage, but did not himself agree to pay, and was not liable for such debt. (Distinguishing *Heim v. Vogel*, 69 Mo. 529.)

**2. ———: ———: CASE STATED.** Plaintiff held a note secured by a deed of trust on land belonging to the maker of the note, who conveyed the property to Cowling subject to said incumbrance, but Cowling did not himself assume the payment of the debt, but transferred the property to defendant by warranty deed, stating therein that the grantee "assumes and agrees to pay" said debt. The property was sold under the deed of trust, and the proceeds of the sale not being equal to the amount of the note, plaintiff sued the last grantee for the balance. *Held,* that he could not recover.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

*Kinley & Kinley* for appellant.

(1) Though the deed from Clark to Cowling did not bind Cowling to pay plaintiff's note, still if the defendant took a deed from Cowling in and by which he agreed to pay plaintiff's debt, then defendant is legally bound and liable to plaintiff on such agreement, it having been made for plaintiff's benefit. *Dean v. Walker*, 107 Ill. 540; *Daub v. Engleman*, 109 Ill. 267; *Brewer v. Maurer*, 38 Ohio St. 543; *Merriman v. Moore*, 90 Pa. St. 81; *Heim v. Vogel*, 69 Mo. 529; *Fitzgerald*

*v. Barker*, 85 Mo. 13.   (2) A party can either reject or ratify a transaction entered into in his name, without authority, but he can not adopt the part advantageous to him and reject the portion that is onerous. *State ex rel. v. Harrington*, 100 Mo. 170; *Nichols v. Kern*, 32 Mo. App. 1; *Bank v. Lumber Co.*, 54 Mo. App. 327.

*Peak & Ball* for respondent.

(1) Cowling not being bound for the payment of the Clark note was merely the owner of the equity of redemption, and the defendant is not bound by the assumption clause contained in the deed. *Osborne v. Cabbell*, 77 Va. 462; *Trust Co. v. Balch*, 45 N. Y. 528; *Vrooman v. Turner*, 69 N. Y. 280; *Wilbur v. Warren*, 104 N. Y. 192; *Ins. Co. v. Water Co.*, 42 Mo. App. 118; *Sewer Pipe Co. v. Thompson*, 25 S. W. Rep. 523; *Howsman v. Water Co.*, 119 Mo. 304; *Bank v. Klock*, 58 Mo. App. 335; *Morris v. Mix*, 4 Kan. App. 654; *Trust Co. v. Nash*, 46 Pac. Rep. 987; *Beddil v. Buzzolara*, 64 Cal. 354; *Ward v. Deoca*, 52 Pac. Rep. 130; *Stuyvesant v. Mort. Co.*, 22 Colo. 28.   (2) The assumption is a promise to pay; and that promise must have been either by the defendant, or by some one else authorized by him to make it, or it must have been assented to by him after it was made, before he can be bound. *Rogers v. Castle*, 51 Minn. 428; *Guernsey v. Rogers*, 47 N. Y. 203; *Killman v. Smith*, 77 N. Y. 226.

WILLIAMS, J.—Plaintiff held a note secured by a deed of trust upon a lot in Kansas City belonging to one Clark, the maker of the note.   Clark conveyed the property subject to said deed of trust to Cowling, *but without any assumption by the latter of the mortgage debt.*   Cowling subsequently transferred said real estate, by warranty deed, to defendant.   *This* deed contains a clause stating *that the grantee therein* "*assumes and agrees to pay*" said debt.   The property, after the

conveyance to defendant, was sold under the deed of trust. There was not enough realized to pay plaintiff's note, and, after crediting thereon the proceeds of the sale, he brought this suit to recover the deficiency from the defendant on the ground that, by accepting the deed from Cowling, defendant assumed and agreed to pay said debt.

This question then is presented: can a mortgagee recover upon an agreement to assume the mortgage debt inserted in a deed to a remote grantee of the premises, when the grantor in such deed purchased the property subject to the mortgage, but did not agree to pay, and was not liable for such debt?

Judgment was rendered in the circuit court for the defendant, and this was affirmed by the Kansas City Court of Appeals in a very satisfactory opinion by SMITH, P. J. The case was then certified to this court under constitutional requirements, because of a conflict between the decision of the court of appeals and *Heim v. Vogel*, 69 Mo. 529.

The attention of this court was not directed, in the case last mentioned, to the difference between the liability of a grantee of mortgaged premises upon a clause in his deed assuming the mortgage debt when his *grantor* was bound therefor; and such liability when there was no *obligation to pay* upon the part of the grantor. The general proposition was announced, that "where land is conveyed subject to a mortgage, the grantee does not undertake or become bound by a mere acceptance of the deed to pay the mortgage debt; but if a grantee takes a deed containing a recital that the land is subject to a mortgage which the grantee assumes or agrees to pay, a duty is imposed on him by the acceptance, and the law implies a promise to perform it, on which promise, in case of failure, assumpsit will lie." The facts in that case might have

justified the application of the principle stated by the court of appeals in this case. The question presented here, however, was not discussed, considered or passed upon. The case was disposed of upon the general rule contained in the above quotation.

Can plaintiff recover upon defendant's implied promise raised by his acceptance of Cowling's deed, containing a clause binding defendant to assume and pay the mortgage debt? It is well settled that "a person for whose benefit an express promise is made in a valid contract between others, may in this State maintain an action thereon in his own name." *Ellis v. Harrison*, 104 Mo. 270, and cases cited.

The agreement between the promisor and promisee must possess the necessary elements to make it a binding obligation—in other words, it must be a valid contract between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. A mere naked promise from one to another for the benefit of a third will not sustain an action. Cowling, defendant's grantor, did not owe the mortgage debt and had never assumed to pay it. Defendant's promise was not therefore to *indemnify him.* As Judge SMITH says: "It must be borne in mind that plaintiff's debt was no part of the consideration for the grant from Cowling to the defendant. Cowling conveyed to the defendant *his equity of redemption.* He had no other or greater interest in the property. The assumption was therefore without semblance of a consideration passing from Cowling to the defendant. It was an independent promise, unsupported by any consideration whatever."

It is said in the notes to *King v. Paige* (4 Law Ed. N. Y. Ch., p. 1052): "Unless the grantor is personally liable for the debt, the promise of the grantee, the purchaser, is held to be a mere *nudum pactum*, and, of course, without efficacy in favor of either the grantor

or mortgagee." The court in *Norwood v. De Hart*, 30 N. J. Eq., 412, held that "a mortgagee can not avail himself of an assumption to pay his mortgage contained in a deed to a subsequent purchaser unless the grantor was personally liable to pay the debt." *Jefferson v. Asch*, 55 N. W. Rep. 604; *Morris v. Mix*, 46 Pac. Rep. 58; *Nelson v. Rogers*, 49 N. W. Rep. 526; *Vrooman v. Turner*, 69 N. Y. 280; *Osborne v. Cabell*, 77 Va. 462. The liability of a grantee of real estate, who has assumed the payment of a mortgage debt upon it, is sometimes placed upon the doctrine of subrogation. The mortgagee is declared to be entitled to enforce for his benefit "all collateral obligations for the payment of the debt, which a person standing in the situation of a surety . . . . . . . has received for his benefit." As between the parties to the deed, the grantor becomes the surety, and the grantee the principal debtor. Of course no such rule could obtain, where the grantor was not, and had never become, bound for the debt.

If plaintiff is to rest his case upon the proposition that he can recover upon the promise of defendant to Cowling as made for his benefit, he is met by the objection that Cowling was in no manner indebted to or connected with plaintiff, and bore no such relation to him as would give Cowling any interest in having the assumption clause inserted in the deed.

*Vrooman v. Turner*, 69 N. Y. 280, involved precisely the same question that is presented in the case at bar. It was ruled that "a grantee of mortgaged premises whose conveyance recites that the land is conveyed subject to the mortgage, and that the grantee assumes and agrees to pay the same as part of the consideration, is not liable for a deficiency arising upon a foreclosure and sale, in case the grantor was not personally liable, legally or equitably, for the payment of the mortgage." This

court has in several recent opinions cited and approved that case. *Howsmon v. Trenton Water Co.*, 119 Mo. 304; *Kansas City Sewer Pipe Co. v. Thompson*, 120 Mo. 218; also *Insurance Co. v. Trenton Water Co.*, 42 Mo. App. 118. In *Kansas City Sewer Pipe Co. v. Thompson*, *supra*, GANTT, C. J., indorsed the following quotation from said opinion: "To give a third party who may derive a benefit from the performance of the promise, an action, there must be, *first*, an intent of the promisee to secure some benefit to the third party; and, *second*, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally. . . . . . A mere stranger can not intervene and claim by action the benefit of a contract between other parties."

There are decisions in some of the States, which sustain plaintiff's position, but the cases which have heretofore been followed by this court, as well, we think, as the better reason and the weight of authority, are to the contrary.

The judgment of the circuit court is therefore affirmed. BRACE, C. J., and ROBINSON and MARSHALL, JJ., concur.