## CRONE v. STINDE, Appellant.

### In Banc, May 8, 1900.

1.  **Contracts:** PROMISE TO THIRD PERSON. Where one person for a valuable consideration makes a promise to the person from whom the consideration moves for the benefit of a third person, such third person may maintain an action in his own name against the promisor on the promise.

2.  ———: ———: ACCEPTED BY THIRD PERSON. A contract upon a valid consideration, made between two or more persons for the benefit of a third party, may be enforced by the party for whose benefit it is made, if he adopts it after it is made, though he is not named in the contract, or may not have known of it at the time.

3.  ———: ———: ———: MORTGAGE: NOTE. Knapp purchased property subject to a deed of trust which the grantor (Jamison) had executed to secure one Dexter in the payment of a note for '$4,000, which Knapp in no wise assumed or promised to pay, and hence he was under no legal or equitable obligation to pay it. But Knapp conveyed to defendant Stinde, warranting the title except as to the deed of trust for $4,000, which, in the language of the deed, "the

Crone v. Stinde.

purchaser hereby assumes and agrees to pay as part consideration hereof." *Held,* that this promise by Stinde was for a new and valuable consideration for the benefit of Dexter or his indorsee, the plaintiff, and the plaintiff is entitled to sue Stinde and recover judgment for the balance of the note after the amount derived from the foreclosure sale has been credited thereon. (Overruling Hicks v. Hamilton, 144 Mo. 495.)

Transferred from St. Louis Court of Appeals.

COURT OF APPEALS JUDGMENT REVERSED; CIRCUIT COURT JUDGMENT AFFIRMED.

*B. Schnurmacher* for appellant.

(1) A grantee is not liable for the payment of a mortgage debt upon the property which he purchases, although the conveyance to him may so recite, where his immediate grantor to whom the promise is made, is not himself personally liable. 1 Jones on Mort., sec. 755; Vrooman v. Turner, 69 N. Y. 280; Townsend v. Rackham, 38 N. E. Rep. 731; Norwood v. DeHart, 30 N. J. Eq. 412; King v. Whiteley, 10 Paige, 465; Mount v. Van Ness, 33 N. J. Eq. 262; Trotter v. Hughes, 12 N. Y. 74; Wise v. Fuller, 29 N. J. Eq. 257; Carte v. Holohan, 92 N. Y. 498; Crowell v. Hospital, 27 N. J. Eq. 750. This is in consonance with the general rule that to enable a third party to enforce a promise to another for his benefit, there must have been a debt or duty owing by the promisee. Phoenix Ins. Co. v. Trenton Water Co., 42 Mo. App. 118; Howsman v. Trenton Water Co., 119 Mo. 309; K. C. Sewer Pipe Co. v. Thompson, 120 Mo. 218; Coleman v. Hiler, 33 N. Y. Sup. 357. (2) The rights of one not a direct party to the contract, but who claims to have been intended as a beneficiary, are purely derivative, and can not be greater than the rights of the promisee himself. The stream can not rise higher than its source. If the person to whom the promise is made can not maintain the action, because, for example, he is under no liability himself, the third party can

not. Ellis v. Harrison, 104 Mo. 270; Am. Nat. Bank v. Klock, 58 Mo. App. 335; Hicks v. Hamilton, 144 Mo. 495.

*Lubke & Muench* for respondent.

(1) In this State the doctrine is fully established that the third party, for whose benefit a promise is made, may sue directly upon this promise, even though he is not a party to the contract between promisor and promisee, and was not privy to the consideration. Fitzgerald v. Barker, 13 Mo. App. 192; s. c., 70 Mo. 685; Heim v. Vogel, 69 Mo. 529; Duncan v. Baker, 72 Mo. 667; Ellis v. Harrison, 104 Mo. 270; Weinreich v. Weinreich, 18 Mo. App. 364; School Board v. Woods, 6 Mo. App. 590; Rogers v. Gosnell, 51 Mo. 466; Wig. Ferry Co. v. Railroad, 73 Mo. 389; Christy v. McKee, 94 Mo. 241; Jordan v. White, 20 Minn. 91. (2) The debt here assumed was a part of the consideration for which defendant acquired the land and which defendant expressly covenanted to pay in return for the conveyance thereof. Hence the agreement is a valid one, on which either Knapp, or the holder of the note, could proceed. Jones on Mortg., secs. 749, 750.

IN DIVISION TWO.

BURGESS, J.—This suit was commenced in the circuit court of the city of St. Louis, where upon a trial of the cause plaintiff obtained judgment for the amount sued for $1,328.18. Defendant then took the case by appeal to the St. Louis Court of Appeals, and at the October term, 1896, an opinion was rendered by that court reversing the judgment and ordering an entry of judgment in that court for plaintiff for one cent damages and costs, but at the same time it was ordered that the cause should be certified to the Supreme Court, upon the ground of an apparent conflict between the earlier and later cases of the Supreme Court upon the principal question involved in this case.

The facts as stated by the court of appeals are as follows:

"On January 3, 1893, one R. P. Jamison was the owner of certain real estate in the city of St. Louis, Missouri. On that day he executed a deed of trust thereon to secure to defendant Charles Dexter the payment of a note for four thousand dollars to become due in two years, and certain semi-annual interest notes. Dexter indorsed the notes in blank and delivered them to one Louis Kupferle. Three days after having executed the deed of trust above referred to, Jamison sold his equity of redemption in the property to one Arthur C. Knapp; Knapp did not assume the payment of the deed of trust, the conveyance to him being merely subject thereto. Thereafter, on June 22, 1893, Knapp conveyed the property to defendant Stinde. The deed from Knapp to Stinde contains general covenants of warranty, concluding as follows: 'excepting with respect to a certain mortgage amounting to four thousand dollars and accrued interest, which the purchaser hereby assumes and agrees to pay as part of the consideration hereof.' The deed of trust was foreclosed by Kupferle while one Kanther, the grantee of Stinde, held the equity of redemption in the property. After the proceeds of such foreclosure were credited on the $4,000 note, a balance of $1,251 remained due thereon. Kupferle thereupon assigned the note to the plaintiff, who instituted suit thereon against Dexter, Stinde and Kanther, seeking to charge the former as an indorser of the note, and the two latter by virtue of their promise contained in the conveyance made to them respectively. The defendants answered by general denial. No objection was interposed for misjoinder of parties defendant, but upon the trial the plaintiff dismissed as to Dexter and Kanther. The court thereupon rendered judgment against the defendant Stinde for the balance due on the note. From this judgment Stinde appeals, and assigns for error that upon the conceded facts the court should have rendered judgment in his favor."

It has always been held by this court that where one person for a valuable consideration makes a promise to the person from whom the consideration moves for the benefit of a third person such third person may maintain an action in his own name against the promissor on the promise. Bank of Missouri v. Benoist, 10 Mo. loc. cit. 524, was a case of this character, and SCOTT, J., in speaking for the court said: "The position that when one person, for a valuable consideration, engages with another by simple contract to do some act for the benefit of a third, the latter, who would enjoy the benefit, may maintain an action for the breach of such engagement, is supported by a weight of authority in the American courts which we are not at liberty to disregard." Schermerhorn v. Vanderheyden, 1 Johns. 139; Felton v. Dickerson, 10 Mass. 287; Arnold v. Lyman, 17 Mass. 400; Hall v. Marston, 17 Mass. 574; Elwood v. Monk, 5 Wend. 235; Farley v. Cleveland, 4 Cowen 432; Carnegie v. Morrison, 2 Metc. 381." That case was followed and approved in Robbins v. Ayres, 10 Mo. 538 and Meyer v. Lowell, 44 Mo. 328.

In discussing this same subject Parsons, in his work on Contracts, says: "In this country, the right of a third party to bring an action on a promise made to another for his benefit, seems to be somewhat more positively asserted; and we think it would be safe to consider this a prevailing rule with us; indeed, it has been held that such promise is to be deemed made to the third party if adopted by him, though he was not cognizant of it when made." [1 Parsons on Contracts (8 Ed.), 484; Lawrence v. Fox, 20 N. Y. 268; Steman v. Harrison, 42 Pa. St. 49.] The same rule is announced in Rogers v. Gosnell, 51 Mo. 466; Fitzgerald v. Barker, 70 Mo. 685; Rogers v. Gosnell, 58 Mo. 589; Weinreich v. Weinreich, 18 Mo. App. 364; State ex rel. v. Laclede Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276.

It is said in the case of Fitzgerald v. Barker, *supra,* that this rule was extended in Rogers v. Gosnell, 51 Mo. 466, to

covenants made for the benefit of a third person, the old rule that no one but a convenantee can sue on a covenant being distinctly repudiated by this court in that case. And in the case of Heim v. Vogel, 69 Mo. 529, it was directly decided that when a grantee accepts a deed poll containing a statement that the land conveyed is subject to a mortgage which the grantee assumes and agrees to pay, a promise by the grantee for the benefit of the mortgagor is implied therefrom, and the grantee thereby becomes personally liable to the mortgagee for the mortgage debt.

The same question was before this court again in Kansas City Sewer Pipe Co. v. Thompson, 120 Mo. 218, and while not in express terms overruling either of the cases before referred to, it was held that, a stranger to a contract can not as a general thing sue thereon although it be made for his benefit, but that case was expressly overruled in the subsequent case of St. Louis to use v. Von Phul, 133 Mo. 561, in which it is stated, "That a contract between the parties upon a valid consideration may be enforced by a third party, when entered into for his benefit, is well-settled law in this State. This is so though such third party be not named in the contract, and though he was not privy to the consideration. Rogers v. Gosnell, 58 Mo. 589; State ex rel. v. Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276, and cases cited."

The Von Phul case was followed in Devers v. Howard, 144 Mo. 671; School District of Kansas City ex rel. v. Livers, 147 Mo. 580; and in City of Bethany v. Howard, 149 Mo. 504. It was also cited with approval in the case of Porter v. Woods, 138 Mo. 539, in which it is held that in order to enable a third party to maintain an action upon a contract made for his benefit it is not necessary that he be a party thereto, or cognizant of it when made, if it thereafter be adopted by him.

While the rule announced in Von Phul case is recognized

as the law in Ins. Co. v. Trenton Water Co., 42 Mo. App. 118; Howsmon v. Trenton Water Co., 119 Mo. 309; and in Ellis v. Harrison, 104 Mo. 270, it is intimated in those cases that such right of action in favor of a third party does not exist in a case where the promisee himself can not maintain an action for breach of the promise. However this may be, the rule in this State, if we understand it, has always been that a contract upon a valid consideration, made between two or more persons for the benefit of a third person, may be enforced by the party for whose benefit it is made, though he is not named in the contract, or may not have known of it at the time, if he adopts the contract after it is made.

The cases cited with the exception of perhaps the last three, and Kansas City Sewer Pipe Co. v. Thompson, *supra* (which has been overruled), all proceed upon this theory, and it must be regarded as the settled law of this State.

In the case at bar when Knapp purchased the property in question from Jamison, he did so subject to a deed of trust which Jamison had executed upon it to secure one Charles Dexter in the payment of a note for four thousand dollars held by him against Jamison, and while Knapp purchased the property subject to this deed of trust he did not in any manner whatever assume or promise to pay it or make himself liable for its discharge. He was therefore under no legal or equitable obligation to pay it. But when Knapp conveyed to defendant Stinde, he warranted the title except as to this deed of trust for four thousand dollars which, in the language of the deed, "the purchaser hereby assumes and agrees to pay as part consideration hereof." It thus seems clear that there was a new and valuable consideration for the promise, and as it was made for the benefit of the party holding the mortgage debt, and as plaintiff is owner and holder of that debt we know of no reason, why under our rulings, he is not entitled to sue for and recover judgment for the same, notwithstanding Knapp was under no obligation either legal or

equitable to pay the debt. There was a new and valuable consideration for defendant's promise.

In the recent case of Hicks v. Hamilton, 144 Mo. 495, however, a different rule is announced. In that case the plaintiff held a note secured by a deed of trust upon a lot in Kansas City, belonging to one Clark, the maker of the note. Clark conveyed the property subject to the deed of trust to Cowling, who did not in any way assume the mortgage debt. Cowling thereafter conveyed the lot by warranty deed to defendant. The deed from Cowling to defendant recited that the grantee therein "assumes and agrees to pay" said debt. The property was subsequently sold under the deed of trust, but did not bring enough to pay the amount due on the note, and after crediting the amount realized from the sale on the note the holder of the note brought suit against Hamilton for the balance, and it was held that as Cowling only conveyed to defendant the equity of redemption in the land, the plaintiff's debt was no part of the consideration therefor, but that the contract was an independent promise, without any consideration, and also that there was no equity of contract between plaintiff and defendant, and that plaintiff could not recover.

We are unable to appreciate the position of the distinguished judge who wrote the opinion in that case, with respect to there being a want of consideration in the promise by the defendant therein to pay the mortgage debt. While it is true that the interest sold was but an equity, it was sold to defendant for a stipulated price, and whether of little or much value it formed a valuable consideration for the promise for the payment of the money to the person who held the debt, who showed his acceptance of the benefit of the promise by bringing suit upon it. Nor do we think that an action can not be maintained by a person for whose benefit a contract is made by others upon a valuable consideration, although he is not a party thereto, provided he adopts it. The consideration passing between the two contracting parties, by which one of them

promises to pay to a third, is just as available as to the beneficiary as if he himself had paid the consideration.

The case is not only in conflict with all the decisions of this court, with the exceptions stated, but is directly in conflict with Heim v. Vogel, and Fitzgerald v. Baker, *supra*, and should be overruled.

That there are many authorities which hold in accordance with the views expressed in the Hicks case, we concede, but we prefer to be governed by our own adjudications which announce a rule more in harmony with right and justice and the spirit of our laws.

Besides we are in line with the great weight of authority which we think supported by the better reason.

It follows that the judgment of the court of appeals should be reversed, and that of the circuit court affirmed.

*Gantt, P. J.,* and *Sherwood, J.,* concur.

#### IN COURT IN BANC.

PER CURIAM: The foregoing opinion filed by Judge BURGESS in this cause, while it was pending in Division No. Two of the court, is approved and adopted as the opinion of the Court in Banc, by the majority of our number. *Gantt, C. J., Sherwood* and *Marshall, JJ.,* concurring in said opinion; *Brace* and *Valliant, JJ.,* dissenting.