Harburg v. Arnold.

---

WILLIAM HARBURG, Plaintiff in Error, v. H. CLAY ARNOLD, Defendant in Error.

Kansas City Court of Appeals, March 4, 1901.

1. **Appeals: WRIT OF ERROR.** After final judgment on appeal, writ of error will not lie to review the case again.

2. **Courts of Appeals: RULE OF DECISION: END OF LITIGATION.** Courts of Appeals must follow the last decision of the Supreme Court on the question in judgment before them, and their judgment will not be reviewed again after the Supreme Court shall have changed its ruling, since there must be an end of litigation.

3. ———: ———: ———. The last decision of the Supreme Court at the time the Court of Appeals decides a case, is the law of that case, notwithstanding a subsequent change in the decisions of the upper court.

Error to Jackson Circuit Court.—*Hon. J. W. Henry,* Judge.

WRIT DISMISSED.

*Grant I. Rosenzweig* for plaintiff in error.

Now, as to Hicks v. Hamilton, 144 Mo. 495, before the decision of that case it had been the law that a third party for whose benefit a promise is made might sue thereon regardless of any previous relation on his part to the transaction. By Hicks v. Hamilton, the Missouri Supreme Court changed that rule and held that before such beneficiary could sue, he must show some privity or obligation in his favor as against the other parties. Hence Hicks v. Hamilton would bar recovery on a note assumed in a deed, unless between this assumption and the original note, the line of assumption was unbroken; in other words, a party covenanting and assuming to pay note was not bound by such covenant and agreement to the beneficiary, unless his predecessor had also covenanted, etc. But now Hicks v. Hamilton has itself been overruled three times. Pratt v. Conway, 148 Mo. 291; Crone v. Stinde, 55 S. W. Rep. 863; Crone v. Stinde, 56 S. W. Rep. 907.

*Wash Adams* and *R. H. Field* for defendant in error.

(1) The plaintiff claims that he has a right to attack the judgment of the circuit court in this case, in the pending proceeding in this court, notwithstanding he has hitherto exercised his right of appeal from the same judgment to a judgment of affirmance in this court against him. Of course he does not cite and can not cite a single authority in or out of this State to sustain his claim. The exact point has been twice decided, by the St. Louis Court of Appeals, adversely to the

plaintiff's claim, and the writ of error having been improperly issued in this case should be quashed as asked in defendant's motion filed in this court July 17, 1900. Brewing Co. v. Levvie, 41 Mo. App. 584; Brummell v. Phillips, 79 Mo. App. 116. The rulings in other States are to the same effect. Harris v. Simmang, 29 S. W. Rep. (Tex. App.) 668; Railroad v. Loffoon, 33 S. W. Rep. 584; Ins. Co. v. Carpenter, 85 Ind. 350; Menkel v. S. S. F. So., 24 Id. 78; Johnson v. Von Kettler, 84 Ills. 315; Kirk v. Reynolds, 12 Cal. 99; 7 Eng. and Am. Ency. Pl. Pr., p. 360; Herman on Estoppel, p. 1178, 1179; Nanson v. Jacob, 93 Mo. 331; Dry Goods Co. v. Warden, 151 Mo. 578. (2) But the judgment of this court, affirming the judgment of the circuit court on the appeal of the plaintiff in this case, is *res adjudicata,* and therefore conclusive upon the plaintiff whether right or wrong. State ex rel. v. Harper, 56 Mo. App. 611; Potter v. Adams, 143 Mo. 665; May v. Crawford, 150 Mo. 504, 524; Hastings v. Hennessy, 70 Mo. App. 354; Lally v. Cantwell, 40 Mo. App. 44; Forrester v. Railroad, 26 Mo. App. 123.

BROADDUS, J.—This case comes up on motion to quash the writ of error herein for the following reason, to-wit: That the cause was duly appealed on the twenty-third day of May, 1898, by the plaintiff herein to this court, and that on the sixteenth day of January, 1899, on the hearing of said appeal, the judgment of the circuit court was by this court affirmed. Therefore, the cause is *res adjudicata.*

It is admitted by the plaintiff in error that, as a rule, when a cause has been appealed and the appeal is heard and judgment on the merits, that a writ of error will not lie. The question has been adjudicated in the following cases. Schnaider's Brewing Co. v. Levvie, 41 Mo. App. 584; Brummell v. Phillips, 79 Idem 116. Both these cases are to the effect that

Harburg v. Arnold.

a writ of error will not lie after an appeal.

However, plaintiff in error claims that the cause should be heard anew on his writ because the circumstances attending the case are unusual, and a denial of a hearing would work great injustice.

It appears that when this case was here on appeal, this court, in determining the rights of the parties followed the rule of law promulgated by the Supreme Court in the case of Hicks v. Hamilton, 144 Mo. 495. That case is admitted to have been the latest decision of that tribunal upon the questions then involved in this. The Constitution organizing and establishing this court made it our imperative duty to follow the latest decision of the Supreme Court of the State applicable to the issue or issues in the one before us. The cases cited settle, so far as authority is concerned, the status of this one; but if anything further may be said in order to put the question beyond dispute, it is: that there must be an end to litigation, and that when a litigant has once been heard in the trial court, judgment rendered against him, and appeal had to the highest court under the organic law of the land to which he may go, and that judgment fully, in all its essentials, affirmed, he can not be permitted to renew his contention under the specious plea that the constitutional light which the appellate court was bound to follow committed an error in the first place.

The cases of Pratt v. Conway, 148 Mo. 291, Crone v. Stinde, 55 S. W. Rep. 863, and Crone v. Stinde, 56 S. W. Rep. 907, wherein it is claimed the Supreme Court of the State has overruled the case of Hicks v. Hamilton, supra, have no more binding force on us in this case than if they had never been made. This court could not, from the very nature of things, have anticipated that the Supreme Court would change its rulings. *Ignotum per ignotius.* Motion to dismiss the writ of error is sustained. All concur.