F. W. LLEWELLYN, Appellant, v. D. W. BUTLER et al., Respondents.

St. Louis Court of Appeals, January 5, 1915.

1. **APPELLATE PRACTICE:· Conclusiveness of Findings: Equity Case.** Although findings in an equity case are not binding upon the appellate court, such court ought to give much deference thereto.

2. **CONVEYANCES: Mortgages and Deeds of Trust: Assumption of Mortgage: Liability of Grantee.** Where a deed conveying real property contains a recital that the grantee assumes and agrees to pay a mortgage debt on the property, and the deed is accepted by the grantee, he becomes personally liable to the mortgagee or his assigns for the payment of the debt; but this doctrine does not obtain where the grantee is not a real and genunie purchaser, whose name was inserted in the deed for convenience or as a mere channel for passing the title to another, nor does it obtain where the deed is executed and recorded without delivery to the grantee named therein and without his knowledge or consent, unless he subsequently ratifies such act.

3. **CONTRACTS: Contract for Benefit of Third Party: Rights of Third Party.** The rights of a party for whose benefit a contract is asserted to have been made are measured by the terms of the contract and are dependent upon its validity, and he cannot acquire a better standing to enforce the contract than that occupied by the party who made the contract for his benefit.

4. **CONVEYANCES: Mortgages and Deeds of Trust: Assumption of Mortgage: Liability of Grantee: Sufficiency of Evidence.** In an action by a holder of a note secured by deed of trust on real estate, against a person who was named as grantee in a deed conveying the property, which recited that the grantee assumed and agreed to pay the mortgage, defended on the theory that the deed was executed and placed on record without delivery to defendant and without his knowledge or consent, evidence *held* to support a finding in favor of defendant.

5. ————: ————: ————: ————: **Effect of Recording Deed.** The recording of a deed containing a recital that the grantee assumes and agrees to pay a mortgage on the property conveyed, is evidence of delivery and acceptance only so far as it relates to the passing of title, and is insufficient, standing alone, to warrant a finding that the person named as grantee assented to the obligation to pay the mortgage debt.

6. ————: ————: ————. A husband who desired to transfer to his wife real estate, which was encumbered by a mortgage, conveyed it to defendants by a deed which recited that defendants assumed and agreed to pay the mortgage, and recorded the deed, without having delivered it to defendants and without their knowledge or consent. Thereafter, defendants conveyed the property to the wife by a deed which obligated her to assume and pay the mortgage. *Held*, that since a grantee who assumes the payment of a mortgage debt is liable although his grantor is not liable, the insertion of the covenant in the deed to the wife, obligating her to assume the mortgage, had no tendency to show that defendants ratified the similar covenant in the deed to them.

7. ————: **Effect of Invalid Covenants.** A deed conveying real estate to a person who acted merely as a conduit through whom the title passed was not void merely because one of its covenants obligating the grantee to pay a mortgage on the property was invalid.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*David H. Robertson* and *Fry & Rodgers* for appellant.

(1) When a grantee takes a deed containing a recital that the land is subject to a mortgage which

the grantee assumes or agrees to pay, he thereby becomes personally liable to the mortgagee for the mortgage debt. Crane v. Stinde, 156 Mo. 267; Helm v. Vogel, 69 Mo. 535; Steele v. Johnson, 96 Mo. App. 157; Girardi v. Christe, 148 Mo. App. 91; Nelson v. Brown, 140 Mo. 580. (2) Where a grantee takes a deed containing a recital that the grantee assumes or agrees to pay the mortgage, the law implies a promise to perform. Helm v. Vogel, 69 Mo. 535. The grantee by his deed acquired the equity in the land, which was a valuable consideration. Railroad v. Crow, 137 Mo. App. 465; Steele v. Johnson, 96 Mo. App. 159; Kratz v. Stocke, 42 Mo. 251. By the established principles of the law of contracts in Missouri, one valid promise is held a consideration for another. Steele v. Johnson, 96 Mo. App. 159; Byrd v. Green, 41 Mo. 389; Eng. Encyc. of Law, 727. By accepting the deed they obligated themselves as effectually as though they had signed it. Crawford v. Edwards, 33 Mich. 354. (3) The deed was accepted. By it the equity in the land was conveyed to the grantee. By reconveying this equity to another party the grantee accepted and approved the conveyance to him. Beeson v. Green, 103 Iowa, 406. (4) Butler having accepted the deed and afterwards conveyed it to a third party, he could not impair the legal effect of his own act, by oral evidence that he had never agreed to pay the mortgage. Parol evidence was not admissible to impeach the deed. Muhlig v. Fiske, 131 Mass. 110; Beeson v. Green, 103 Iowa, 406; Wishart v. Gerhart, 105 Mo. App. 112; Henderson v. Henderson, 13 Mo. 151; Bobb v. Bobb, 89 Mo. 411; Hollocher v. Hollocher, 62 Mo. 267. (5) The petition does not sustain a claim of fraud. Fraud in the execution of the deed is not pleaded nor does the evidence establish fraud. "There is no evidence tending to show that any fraud was practiced on the defendants to induce them to take the deed, and no excuse is presented for doing so without reading it."

Beeson v. Green, 103 Iowa, 406; Muhlig v. Fiske, 131 Mass. 110.

*E. S. Gantt* for respondent.

(1) Where a grantee receives the title only to convey it to another, he is not liable upon clause assuming payment of the mortgage on the land. Deyermond v. Chamberlain, 22 Hun (N. Y.), 110; Arnold v. Randle, 121 Wis. 462; 18 Colo. App. 313. (2) The recording of a deed is evidence of delivery, and acceptance only so far as relates to the passing of title and does not apply to a deed which imposes an obligation on the grantee to assume payment of the pre-existing incumbrance on the property. Swisher v. Palmer, 106 Ill. 432. (3) An assumption clause in the deed inserted by fraud cannot be enforced. Demarus v. Rodgers, 124 N. W. 457; 110 Minn. 49.

ALLEN, J.—This is an action to recover a balance of $979 remaining unpaid upon a promissory note of $1800, executed by defendants W. E. Bever and Dora D. Bever, his wife, to the order of plaintiff, dated May 8, 1911, and secured by deed of trust upon a house and lot in Mexico, Missouri. The note and the deed of trust were executed as a part and parcel of a transaction whereby defendant W. E. Bever traded to plaintiff the equity in a farm for the above-mentioned property. Thereafter Bever and his wife executed a warranty deed, of date June 20, 1911, conveying the house and lot to defendants D. W. Butler and Eliza E. Butler, his wife, which deed recited that the same was made and accepted subject to the deed of trust securing the above-mentioned note and that the said grantees assumed and agreed to pay said note. This deed was recorded on June 29, 1911. Thereafter a warranty deed, of date July 8, 1911, was executed by Butler and his wife, conveying the property to defendant Dora D. Bever, wife

of W. E. Bever, which deed was not recorded until June 3, 1912. On June 7, 1912, the deed of trust was foreclosed for nonpayment of the note, and the house and lot sold to satisfy the debt. At the sale plaintiff's attorney purchased the property for $1000. This sum, after the payment of the expenses of the sale, was credited upon the debt and interest, leaving a balance of $979 which is sought to be recovered in this action.

The suit proceeds not only against the said makers of the note, but against D. W. Butler and his wife, Eliza E. Butler, upon the theory that the two last-named defendants became personally liable to plaintiff under and by virtue of the above-mentioned assumption clause in the deed by which the property was conveyed to them. These defendants filed a separate answer, in which, among other things, it is averred that the deed to them was executed without their knowledge and consent, and that they had no knowledge of the existence thereof for a long time after its execution; that it was never delivered to them, but was placed of record without their knowledge or consent, and that they did not learn of the contents thereof until long afterwards; that they did not in fact purchase the property, nor pay anything therefor, but that said transfer was made to them merely in order to pass title through them from defendant W. E. Bever to the latter's wife, and that they were a mere conduit of title. The prayer of this separate answer is for a reformation of the deed, or that it be declared void.

The court sitting as a chancellor entered a decree, finding, among other things, that the deed to defendants D. W. Butler and Eliza E. Butler was made without their knowledge or consent, and that neither of them then knew of the contents thereof; that said defendants did not purchase the property, nor pay any consideration therefor, but that the conveyance to them was made solely for the purpose of transferring the title

186MoApp34

from W. E. Bever to his wife Dora D. Bever; and that said deed was void. Judgment was thereupon rendered in favor of defendants W. D. Butler and Eliza E. Butler and against the other defendants; and the plaintiff appealed.

It appears that defendant Bever, who is a son-in-law of defendant Butler, is a man who can scarcely read and write, but slightly versed in business affairs, and of but little experience in transactions of this character. The testimony adduced in support of the separate answer of Butler and his wife tends to show that Bever desired to transfer the title to this property to his wife, Butler's daughter, and was told that it would be necessary to convey the same to a third person, who would reconvey to the wife, whereupon he suggested to the scrivener a conveyance to Butler for such purpose; that the scrivener prepared the deed to Butler and wife, which was executed and recorded as stated above; that the deed from Butler and wife back to Mrs. Bever was prepared and left with a notary public, who thereafter met Butler upon the street and told him that he had "some papers" for him and his wife to sign, and that later, and after the deed to them had been recorded, Butler and his wife went to the notary's office and executed the deed, of date July 8, 1911, conveying the property to Mrs. Bever, and left it with the notary. This deed was not recorded until June 3, 1912, shortly before the sale under the deed of trust. From the testimony of Bever and Butler it appears that the former left the recording of the deed to the notary public, and that Butler gave no heed to the matter at that time. Butler testified that he did not see the deed to him and wife until a short time before the foreclosure, and did not until then know of the assumption clause contained therein, and that shortly before the sale he got from the office of the notary public the deed executed by him and his wife, and put it on record. Much testimony was adduced tending to show that

neither Butler nor his wife had any knowledge of the contents of the deed to them until long after the transaction.

The evidence need not be referred to in further detail. Upon the whole it was such as to warrant the Chancellor's findings of fact above mentioned. Though such findings, in equity, are not binding upon us, we ought to give much deference thereto; and, regardless of this, an inspection of the record convinces us that they ought not to be disturbed.

It is well established that where a vendee of real estate accepts a conveyance thereof, which recites that he assumes and agrees to pay a mortgage debt thereupon, such vendee becomes personally liable to the mortgagee, or his assigns, for the payment of the debt, and the latter may maintain a personal action against him. [See Nelson v. Brown, 140 Mo. 580, 41 S. W. 960; Regan v. Williams, 185 Mo. 620, 84 S. W. 959; Pratt v. Conway, 148 Mo. 291, 49 S. W. 1028; Bank of Senath v. Douglass, 178 Mo. App. 664, 161 S. W. 601, and further cases cited.] But though this general doctrine prevails, it is said to hold good only where the purchaser "is a real and genuine purchaser, and not one whose name was inserted in the deed for convenience, or as a mere channel for passing the title to another." [See 27 Cyc. pp. 1353, 1354; Deyermond v. Chamberlin, 22 Hun, 110; Arnold v. Randall, 121 Wis. 462.]

But, in the case before us, assuming the truth of the evidence upon which the trial court based its findings, the defendant Butler and his wife not only acted as a mere conduit of title, but the title was put in them without their knowledge; and the deed running to them was not delivered to them, and they did not see it or have any knowledge that it contained the assumption clause in question prior to the recording thereof, nor until a question arose as to their liability. Under such circumstances we think that no personal

liability could attach to them. Surely one cannot be bound by such an assumption clause inserted in a deed which is executed and placed upon record without delivery to him, and entirely without his knowledge or consent—unless it be by his subsequent ratification thereof, which does not here appear. It is so held in Deyermond v. Chamberlin, supra, and in Gill v. Robertson, 18 Colo. App. 313. See, also, Elliott v. Sackett, 108 U. S. 132.

The principle underlying the liability of a grantee of mortgaged premises who agrees with his grantor to assume and pay the mortgage debt is that his promise made to the grantor may be enforced by the third person for whose benefit it is made, towit, the holder of the mortgage. [See Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907.] And in such cases the rights of the party for whose benefit a promise is asserted to have been made must necessarily be measured by the terms of the contract of assumption, and dependent upon the validity of the latter. He cannot acquire a better standing to enforce the agreement than that occupied by the contracting parties themselves. [See Ellis v. Harrison, 104 Mo. 270, 16 S. W. 198; Bank of Senath v. Douglas, supra, and authorities cited.] In the instant case, if it be true, as the court found, that Bever caused the deed in question to be executed and recorded without the knowledge or consent of the grantees, no one certainly will dispute the proposition that Bever, upon this showing alone, would have no standing in any court to enforce against Butler the pretended contract of assumption. And the right of the holder of the mortgage could rise no higher than that of Bever, the putative promisee. Under the court's findings, there was no valid contract whatsoever on the part of Butler and his wife; and liability may not be fastened upon them by implication of law arising from the presence of the assumption clause in the deed, when the facts attending the transaction make it appear to a

court of equity that they never in fact agreed to assume or pay the mortgage debt.

And the recording of the deed is evidence of delivery and acceptance only so far as it relates to the passing of the title, and is insufficient alone from which to find that the grantees assented to the obligation to pay the mortgage debt, which the instrument sought to impose upon them. [See Swisher v. Palmer, 106 Ill. 432.]

It is further argued that, since the deed from Butler and wife to Mrs. Bever contained a provision whereby the grantee assumed and agreed to pay the mortgage debt, Butler must be presumed to have known that the deed to him and wife contained a clause of the same character, for had it not, the assumption clause in the deed to Mrs. Bever would have been inoperative. But, regardless of other considerations, this argument is without force, for the reason that, in this State at least, it is held that where a grantee, who assumes a mortgage debt, derives his title from a grantor not originally liable therefor and who did not assume the same, he is nevertheless liable to the holder of the mortgage upon his contract of assumption; that the benefit of the grantee's promise to pay the debt inures to the benefit of the mortgagee without regard to the liability of the grantee's predecessor in title. [See Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907, overruling Hicks v. Hamilton, 144 Mo. 495, 46 S. W. 432.] It is clear that, from the mere presence of the assumption clause in the deed executed by Butler and his wife, it could not be inferred that they knew that the deed to them contained a like clause.

Other questions are raised and discussed in the briefs of counsel, but they are not controlling and need not be touched upon.

The court below held the deed to Butler and wife to be void, whereas it should have held only the contract of assumption therein to be void. This is not

complained of, however, and since a foreclosure has been had under the deed of trust it is doubtless inconsequential. The judgment will therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.