(61 App. Div. 623.)

## TAYLOR v. SMITH.

(Supreme Court, Appellate Division, Fourth Department.   May 28, 1901.)

1. DEED—DELIVERY—EVIDENCE.
     Plaintiff took in exchange for property certain lots under an agree-
  ment that the deeds with an abstract should be delivered within a cer-
  tain time, and if, at the expiration of a certain time, plaintiff so desired,
  defendant would purchase the lots back at an agreed price.   Within the
  time limited, a deed of the lots was delivered, with plaintiff's knowledge,
  to his attorney, but without the abstract.   Plaintiff afterwards insisted
  that an abstract should be delivered, endeavored to sell the property, and

also wrote to defendant to induce him to repurchase. *Held*, that the evidence showed a delivery and acceptance of the deed.

2. APPEAL—EXCEPTIONS—DETERMINATION—FINALITY.

Where the appellate division refused to consider an appeal from an order denying a new trial, but reviewed the judgment, and held that exceptions thereto were not well taken, the correctness of which determination was not considered by the court of appeals in reversing the order dismissing the appeal as to the order denying a new trial and remitting the case to the appellate division to review such order, on such review the exceptions will be taken to have been disposed of by the former judgment of the appellate division.

Appeal from trial term, Erie county.

Action by George R. Taylor against Edward Smith. Judgment in favor of plaintiff, and from an order denying a new trial defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Tracy C. Becker, for appellant.

Moses Shire, for respondent.

RUMSEY, J. The order denying a new trial in this case was made in January, 1897, and the judgment was entered on the 25th day of March in the same year. An appeal was taken from the judgment, and in the notice of appeal it was stated that there would be brought up for review the order denying the motion for a new trial. When the case came before this court in 1897, an order was made dismissing the appeal so far as it sought to review the order denying the motion for a new trial, and affirming the judgment. From that determination an appeal was taken to the court of appeals, where the order was reversed, and the whole matter remitted to this court to consider the case upon a review of the order denying the new trial; the court of appeals holding that that order was an intermediate order necessarily affecting the final judgment, within the provisions of section 1316 of the Code of Civil Procedure, and that this court erred in refusing to consider the merits upon that order, and dismissing the appeal from it. When the case was here before, this court, although it refused to consider the appeal from the order, did hold that the appeal from the judgment was properly taken, and was before the court, and that it brought up for review the exceptions taken upon the trial. All those exceptions were considered by the court, and held not to be well taken, and the judgment was affirmed. The correctness of that determination of this court was evidently not considered by the court of appeals. So far as the exceptions are concerned, therefore, they must be taken to have been disposed of by the former judgment of this court; and the only question which remains for us to consider is whether the motion for a new trial should have been granted upon the ground that the verdict was contrary to the evidence. Questions of law are not here to be considered, but only the question of fact raised by the motion for a new trial upon that ground. It appeared by the proof that on the 27th of February, 1890, the plaintiff sold to the defendant certain property in the state of Minnesota, for which the defendant agreed to pay "$4,800 and other

valuable considerations," by paying $1,000 in money, $2,800 by note, and "$1,000 by conveying to the said second party 20 lots of the land in the Murray Hill addition to the city of Duluth, as now laid out on the maps of said lands,—the deeds thereof, with a search or abstract, showing the same to be free and clear from any and all liens, to be delivered to the said second party within three months of and after the date of this instrument; and the said first party hereby agrees that, if the deeds of said lots and such search is not so delivered and furnished, he will pay to the said second party the sum of $1.300 in lieu thereof in cash on demand, or if, at the end of one year from this date, second party so elects, he will purchase back the same at the agreed price of $1,000, with interest thereon from this time, and all taxes or assessments to the time of such purchase." The action was brought in November, 1895. The plaintiff claims that the deed and the search provided for in the above-quoted portion of their agreement were not delivered to him by the defendant as therein agreed, and he brings this action to recover the sum of $1,300. The single question presented upon the trial and submitted to the jury was whether the deed of the 20 lots was delivered to the plaintiff and accepted by him within the three months prescribed by the contract. It was undisputed that within that time a deed for the lots was actually delivered to one Bennett, who was the attorney for the plaintiff. There was no claim on the part of the defendant that the search was ever delivered. The plaintiff, although not denying that the deed had been received by his attorney, insists that the attorney had no authority to accept the deed, and that it was not accepted, but was held by the attorney, awaiting the delivery of the search, with the understanding of both parties that it should not be accepted until the search had been delivered. It will be seen, therefore, that the rights of the parties depend upon the single question whether the deed delivered in March, 1890, had been accepted by the plaintiff; because there can be no doubt that the acceptance of the deed, even without the search, operated as payment under the contract, and the plaintiff could not recover the $1,300 in cash. It was not denied that the plaintiff knew of the receipt of the deed by his attorney within a short time after it had been delivered to him. It was conceded that the deed remained in the hands of the attorney from the time it was received by him until April, 1895. It was shown that at least once after the plaintiff became aware that the deed had been delivered to his attorney he had endeavored to sell the property to a person who sought to buy it from him. It is also in evidence that on the 10th of October, 1894, the plaintiff sent to the defendant a letter reading as follows: "I spoke to you some time ago about those lots in Duluth. I don't think I will keep them, as I am in need of money now. Please straighten this matter up at once without delay." When the plaintiff was asked what he meant by this letter, he said that his object in writing it was to get back the $1,000 and interest, and that was what he wanted. It cannot be disputed that he had no right to the $1,000 and interest under the provisions of the contract quoted above, unless the title had passed to him, because, by its express terms, the second party was to purchase back the property at the agreed price

of $1,000 and interest; and an assertion on the part of the plaintiff that his letter was written with the intention of requiring the defendant to perform that part of the contract necessarily involves the proposition that he had accepted the deed, and become the owner of the property. But it was said that he was all the time insisting that the search should be delivered to him. That was quite true, but that fact does not detract from the weight which must be given to the acceptance of the deed. The $1,000 was to be paid by the transfer of the property, and, although the plaintiff had the right, under his contract, to have a search delivered with the deed, and when the deed was delivered without the search he would have been justified in refusing to take it, nevertheless, when he had accepted the deed, the title passed to him, he became possessed of the consideration given to him in final payment of the land sold, and he was not at liberty after that to insist that the deed should not have the effect which the law gave to it. If the deed was accepted, there was no right to recover the $1,300, and, as the jury were not justified in concluding that there was no acceptance of the deed, the verdict was not warranted; and for that reason the order denying the new trial should be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur.