W. O. GRACE, Administrator, etc., Appellant, v. FOR-
REST M. GILL, Administrator, etc., et al., Re-
spondents.

**Kansas City Court of Appeals, January 11, 1909.**

1. **APPELLATE PRACTICE: Equity: Evidence: Deferring to
Trial Court.** While an appellate court defers largely to the
finding of the trial court, yet such finding does not bind the
judgment and conscience of the appellate court where the evi-
dence shows some mistake on the part of the judge or clearly
justifies a different finding.

2. **LIMITATIONS: Grantor and Grantee: Assumption of Debt:
Parol Evidence.** Though a deed itself be silent as to the matter
of the grantee's assuming a prior mortgage debt on the land
conveyed, yet it is competent to show by parol that the pur-
chaser assumed such debt; and such assumption seems to take
the debt out of the Statute of Limitations and binds the pur-
chaser.

3. **PAYMENT: Transfer of Note: Grantor and Grantee: Mort-
gage Lien.** A transfer of a note to one who afterwards becomes
grantee of the mortgagor operated as a payment and thus ex-
tinguished the mortgage lien.

Appeal from Livingston Circuit Court.—*Hon. Francis
H. Trimble,* Judge.

REVERSED AND REMANDED.

*Oscar L. Smith* for appellant.

*Wilson & Clapp* and *Frank Sheetz & Sons,* for re-
spondent, submitted argument.

BROADDUS, P. J.—This case consists of two
suits consolidated into one. The plaintiff sues as the
administrator of James A. Grace, who died on the 25th
day of June, 1906, and the defendant Gill is sued as
the administrator of B. C. Brown, who died in June,
1905. Amelia E. Brown is made a party, she being the

widow of the said B. C. Brown; and O. K. Frame is made a party defendant, he being in possession of the real estate sought to be effected by the proceedings.

The cause of action in the first suit is founded on a promissory note executed by B. C. Brown on the 25th day of January, 1886, payable to said James A. Grace, for the sum of $169.75, due one day after date bearing ten per cent interest per annum, interest from date, which note the said B. C. Brown by writing on the back thereof renewed on November 12, 1902. There is also a count in the petition seeking a foreclosure of a deed of trust executed by the said Brown and his wife, whereby they conveyed to John C. Grace, as trustee for the purpose of securing the payment of said note, the following land, to-wit, all of the east half of the southwest quarter, except two acres, of section 4, township 56, range 22, Livingston county, Missouri, which was filed for record on the 15th day of February, 1886.

The petition in the second suit is to recover judgment on a note executed by the said B. C. Brown on the 17th day of April, 1888, for the sum of $370, due one day after date, and bearing eight per cent interest per annum from date, and payable to the order of said James A. Grace, which note the said Brown renewed in writing on November 12, 1902. There is also a count in the petition asking for a foreclosure of a deed of trust executed by said B. C. Brown and his wife, Amelia, by which the property described in the first suit and in addition a certain lot in Bedford, Missouri, were conveyed to a trustee for the purpose of securing the payment of said note, which was recorded on the 27th day of April, 1893.

W. J. Brown was made a party defendant to both suits on his petition to the court and, with the other defendants, filed for answer a general denial of the allegations of the plaintiff's petition in the first case. The said W. J. Brown filed his separate answer to both cases, wherein it is alleged in substance as fol-

lows: That on the 4th day of May, 1881, his father, the said B. C. Brown, executed a note payable to one, Martha Brown, for the sum of $585, due in three months after date, bearing six per cent interest from date, and that various payments had been made on the note, the first on April 18, 1890, the last one March 9, 1905; that the same is now due, which with interest amounts to $2,445.44; that the said B. C. Brown to secure the payment of said note conveyed the same lands described in said petition to a trustee, which said deed of trust was filed for record on November 18, 1887, which he claims is a lien on said land prior to that of plaintiff, and that he is the owner thereof.

The plaintiff, in reply to the answer of W. J. Brown, pleads the ·Statute of Limitations as a bar to defendant's cause of action. Further, that he, Brown, was the owner of the equity of redemption in the land under said deed of trust at the time he procured said note, and that his procurement of it operated as an extinguishment of the debt and not as an assignment. And, further, that on March 12, 1900, B. C. and Amelia Brown conveyed to said W. J. Brown said land, reserving to themselves the right to occupy a portion thereof during their lives, and that the only consideration passing from the said W. J. to said B. C. and Amelia for the said conveyance was his promise and agreement to pay said note described in plaintiff's petition and other notes, which said promise and acceptance of said conveyance by him inured to the benefit of the said James A. Grace and created in him an additional lien on said land.

The court found that the deed of trust first described was a prior lien on the land; the deed of trust set up in W. J. Brown's answer was superior to all other liens save and excepting that first mentioned; and decreed that the land be sold and proceeds after payment of costs be first applied to the extinguishment of the prior lien, and that the remainder be paid to

defendant, W. J. Brown. Judgment was rendered in favor of plaintiff for the amount of the note and interest, described in the second suit. The court also found that B. C. Brown and wife, Amelia, conveyed the land in controversy to defendant, W. J. Brown, and that he was the owner of the same, subject to the first described deed of trust and to the deed of trust given to secure the note of B. C. Brown to Martha Brown; "And that said W. J. Brown is now in possession of the premises set out in said warranty deed and has been from the date of said deed claiming to own it against all the world."

The plaintiff appealed. There is no complaint made as to the finding of the court on the first deed of trust. The controversy arises over the finding and judgment in the second branch of the case, or in the second suit. B. C. Brown and wife conveyed the premises in dispute to W. J. Brown on the 12th of March, 1900, since which time he has been in the actual possession by himself and tenants up to the institution of the suit in 1907, claiming to be the owner.

The plaintiff tried the case upon the theory that the indebtedness and trust deed in issue in the second case were barred by the Statute of Limitations as to defendant W. J. Brown when the land was conveyed to him by B. C. Brown and wife, but that it was renewed or taken from under the operation of the statute by his agreement to pay the debt made at the time with his grantors.

The testimony of defendant was that he paid his father, B. C. Brown, nothing at the time he purchased or received the deed to the land, but that his father at the time owed him some small sums of money; that he took the deed with the intention of buying the outstanding liens against it, so that his father and mother would have a home; that he negotiated with Grace with that view, but that the negotiations fell through for the reason that Grace wanted the land conveyed

to Amelia Brown, who was his sister; and that in these negotiations Grace offered to take a less sum than the indebtedness against B. C. Brown called for. He testified that he had no agreement with his father to pay off the liens against the land, or with any one else; and that the full indebtedness was greater than the value of the land.

The following letter of defendant was introduced in evidence by plaintiff, viz.:

"ROCKY FORD, COLO., Oct. 30, 1902.

"Mr. J. A. Grace,

"Chillicothe, Mo.

"Uncle Jim.—I got a letter from Ma today and she is very much worried over the debt on the home place, ,says you are wanting her to pay some of those notes or send you some corn to be credited on the notes. If you remember, Uncle Jim, I have asked you several times in the last two years to say what you would do in regard to the notes and I never could get you to say. You know to figure the full amount of interest on yours and Aunt Lou's notes would be much more than the place is worth. Aunt Lou agreed to knock off all interest, and I have an agreement to that effect. I took the place about two years ago and assumed all the indebtedness and I tried at that time to get you to say what you would do. But failed. While I did not have the the money to settle it, yet I wanted to get it fixed up and keep the interest paid up and have done so on Aunt Lou's part and now if you will wait until I come home we will try to get it fixed up some way. I will be at home about the 1st of the yr., if not sooner, and will fix up our Bus. at same time."

While in cases like this we are inclined to defer greatly to the finding of the trial judge, yet it is a well-established rule that such a finding is not binding on the judgment and conscience of the appellate court

where it is evidence that such finding must have been the result of some mistake on the part of the judge, or that the testimony clearly justifies a different result.

All the evidence goes to show that the purpose of the defendant was to free the home of his father from the encumbrances thereon, which were of greater value than the land itself. Whether such purpose was in reality as he expressed it, or for the ulterior one, as the plaintiff charges, of obtaining the land for himself, it is evident that he agreed at the time of his purchase to discharge the outstanding liens. Notwithstanding in his evidence he says he had no such agreement, the statement he made in his letter to Grace shows to the contrary. This language, "I took the place about two years ago and assumed all indebtedness," etc., is proof of the most convincing character that it was a part of the consideration for the deed he received from his father and mother. And it is not reasonable to believe that his father would have made a conveyance of all the land he owned without some substantial consideration, even to his son.

Although the deed itself is silent as to that matter, yet it was competent to show by parol that when defendant purchased the land he assumed the payment of the debts secured by the mortgage. [Bensieck v. Cook, 110 Mo. 173; Nelson v. Brown, 140 Mo. 580.]

Furthermore, we think that plaintiff's demand was not barred by the statute. The defendant, as we have seen, agreed to assume the payment of the debt and, as he was not an innocent purchaser, the renewal of the debt was just as binding on him as it was on his grantor.

From what has been said, it follows that the transfer of the Martha Brown note to defendant operated as a payment and thus extinguished the lien created by the deed of trust. It is therefore adjudged that the

cause be reversed and remanded and that the judgment be amended so as to give both of plaintiff's liens a preference to the equity of defendant. All concur.