W. D. P. JOHNSON and W. T. JOHNSON, Appellants, v. ALBERT A. MAIER and W. H. ADAMS, Respondent.

Springfield Court of Appeals, June 26, 1916.

1. MORTGAGES: Assuming Incumbrance: Fraud: Transfer of Property. Plaintiffs held a note secured by a deed of trust on land which was later conveyed to defendant. The deed contained a fraudulent covenant obligating the defendant to pay off the deed of trust but plaintiffs were not misled thereby and the covenant was without consideration. Though defendant retained the deed after learning of the fraudulent insertion and later conveyed same, the covenant was not binding on him.

2. APPEAL AND ERROR: Jury Finding. The finding of a jury on controverted facts under proper instructions is binding on appeal.

3. MORTGAGES: Assuming Incumbrance: Rescission. A grantee who took a deed containing a covenant to assume payment of an incumbrance *held* not liable to the holder of the incumbrance on the ground that he should have rescinded.

4. INSTRUCTIONS: Harmless Error. Action on a covenant contained in a deed to assume an incumbrance. The deed was not produced at trial nor had it ever been recorded. The grantee did not see the deed for some time after its execution and delivery to the co-defendant. An instruction that if the covenant was inserted after delivery the grantee was not liable is harmless, though erroneous.

Appeal from Phelps County Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Watson & Livingston* for appellants.

*Lorts & Brewer* for respondents.

ROBERTSON, P. J.—Plaintiffs sued respondents to recover the amount due on a thousand-dollar note which it is alleged they assumed and agreed to pay as part of the consideration for some real estate conveyed to them by one Wiggins. The note was secured by a second deed of trust on the land, the first deed of trust securing a note for fifteen hundred dollars. As the result of a jury trial a judgment was obtained in favor of defendant Maier and plaintiffs have appealed. Judgment by default was entered against defendant Adams, hence, he is only a nominal respondent; and where reference is made herein to defendant, Maier is meant.

The deed to defendants from Wiggins contained a clause to the effect that the grantees assumed and agreed to pay the total amount secured by both deeds of trust. The controversy was over whether or not the defendants assuming these debts constituted a part of the consideration for the land conveyed to them by Wiggins, and whether the clause was placed in the deed with the knowledge and consent of defendant Maier, or whether if it was not he thereafter learned that it was in there and so accepted the deed and recognized this provision as to bind him.

Involved in this case is solely the question of the sufficiency of the instructions as there was ample testimony tending to prove the facts therein hypothetically submitted. In behalf of plaintiffs the instructions told the jury (1) that even if the clause was put in the deed by mistake the defendants were liable if they retained the deed and conveyed the land after learning the clause was therein, unless inserted fraudulently, and fraud was defined (2), at the request of plaintiffs, to

mean "that there was caused to be inserted in said deed the clause wherein grantees assumed and agreed to pay the note in question when the same was not agreed to by the defendants, with intent to wrong the said defendants and to cause them to accept the said deed with conditions therein to which there had been no agreement by them."

On the part of the defendant instructions were given telling the jury (1) that unless the clause was in the deed when executed the defendant was not liable even if he bought the land subject to the deeds of trust; (2) that if the clause was inserted in the deed after its delivery to defendant without his consent, he was not bound thereby; (3) that even if the clause was inserted before the deed was delivered, yet if it was fraudulently inserted and defendant did not agree to assume and pay plaintiffs' debt the verdict should be for defendant, and (4) that if there was not an agreement between Wiggins and defendant that he should assume and pay the plaintiffs' note the verdict should be for defendant.

Plaintiffs first complain that their instruction one was improperly modified by the court inserting the clause concerning the alleged fraud. The argument in behalf of plaintiffs is that if the defendants conveyed the land after they discovered the clause was therein such conduct amounted to a ratification thereof irrespective of how it got there. There might be some merit in this contention if the plaintiffs were thereby misled to their injury, but in the absence of any such question the basis of defendant's liability in this case is that they for a valuable consideration assumed and agreed to pay plaintiffs' debt. [Raithel v. Smith, 68 Mo. 258 and Davis v. Dunn, 121 Mo. App. 290, 493, 97 S. W. 226.] When it is shown that there was fraud, as defined, or even mistake, in the absence of some facts to invoke equitable principles in behalf of plaintiffs, it was thereby shown that the defendants neither contracted to pay nor received any consideration for the alleged agreement.

It appears that defendants reconveyed the land after they learned the clause was in the deed, but then

Wiggins was in the possession of property defendant traded him at the time he made the deed to him, and as he was then contending that defendants had assumed the debt he would have resisted and did object to making a change in the deed. The plaintiffs are in no position to invoke the doctrine of rescission which is applicable to one seeking relief from fraud or mistake in equity. As this case stands the question was as to whether or not the defendants as a matter of fact agreed to pay this debt. The jury, on instructions favorable to plaintiffs found they did not.

It is said defendant's instructions two and three should not have been given because there was no testimony on which to base them. We apprehend the objection is really aimed at instruction two wherein it refers to a change in the deed after delivery. The deed was not produced at the trial, it had not been recorded and Maier did not see it for sometime after its execution and delivery to his codefendant Adams. To concede the most for this objection it may properly be said that there is no error therein justifying a reversal.

There are cited a number of cases in behalf of plaintiff (among them Priddy v. Bank, 132 Mo. App. 279, 111 S. W. 865; Pratt v. Conway, 148 Mo. 291, 49 S. W. 1028 and Nelson v. Brown, 140 Mo. 580, 41 S. W. 960) to sustain the assertion that the mere acceptance of the deed with the clause assuming and agreeing to pay the note is sufficient to bind the grantee, but in those cases there was no question as to the consideration or the agreement, the very foundation of the liability, and the expressions therein contained must be considered in the light of the issues involved and under review.

The judgment is affirmed. *Farrington* and *Sturgis JJ.,* concur.