Curtis B. HAFFORD and Virginia L. Hafford, his wife, Plaintiffs-Appellants,

v.

Wayne L. SMITH and Connie Smith, his wife, Dave R. Ashmore and Lillian R. Ashmore, his wife, and Joplin Federal Savings and Loan Ass'n., Defendants-Respondents.

No. 8148.

Springfield Court of Appeals.

Missouri.

June 19, 1963.

Max Patten, A. H. Garner, Joplin, for plaintiffs-appellants.

Emerson Foulke, Joplin, for defendants-respondents.

PER CURIAM.

In this case, the appellants (plaintiffs below, and to whom we shall sometimes refer

as the plaintiff, or plaintiffs) and respondents Smith (to whom we shall sometimes refer as the defendant, or defendants) exchanged property. In return for a credit toward the purchase of a house trailer, the defendants conveyed their interest (or "equity") in a small tract of land, and their furniture, to the plaintiffs. The real property, at the time, was subject to two encumbrances, a first deed of trust held by the defendant Savings and Loan Association, which was foreclosed prior to the trial and does not concern us here, and a second deed of trust (to which we shall refer as a mortgage) held by the defendant Ashmore (to whom we shall sometimes refer as the mortgagee). As the conveyance from defendants to plaintiffs was finally recorded, it contained an assumption clause, or "covenant of assumption," the effect of which was to make plaintiffs liable for the mortgage debt. The plaintiffs brought this action as an action in equity, seeking to avoid, or be relieved of, any liability under the assumption clause, and joined the Smiths, their grantors, as defendants, along with both lienholders. The trial chancellor has found that plaintiff Curtis Hafford is personally liable, and the plaintiffs have appealed.

The facts are in dispute, and some aspects of the case were not developed in testimony as fully as they might have been. However, from the record before us, it appears that in September 1960, Smith, who was then the operator of a drive-in restaurant, approached Hafford, a dealer in real estate and automobile trailers, about the possibility of exchanging the Smiths' interest in a parcel of real property, and their furniture, for a house trailer. They discussed the proposed transaction on a number of occasions, usually at Hafford's office, and, although the plaintiff vigorously denied having done so, there is evidence indicating that the plaintiff, during these preliminary discussions, had agreed to assume both the mortgage debts, and had called Ashmore to ascertain the amount of Ashmore's lien, asking if the Ashmore note

could be purchased at a discount. Plaintiff's testimony in this respect was that he had been aware that there were two encumbrances against the realty but was not aware of the amount due on either. Defendants' evidence, on the other hand, was that they had insisted on Hafford's assuming the outstanding debts against the property, and that his agreement to do so had been a condition of their agreement. Ashmore's testimony tended to confirm this.

On September 15, the parties decided to conclude their transaction, transfer the real property, and deliver the trailer. The parties have laid considerable stress, both during the trial of this action and here, upon the manner of preparation of the deed. While in our opinion the manner in which the assumption clause was inserted in the deed is not controlling, the deed (filed here as an exhibit) does plainly show that the four lines following the description, which constitute the assumption clause or phrase, were inserted on a typewriter different from that used to prepare the rest of the deed, with the exception of the acknowledgment. Following the description, there are words indicating that the deed is executed subject to a deed of trust by the grantors to the defendant Savings and Loan Association, and the deed further recites " * * * subject also to a deed of trust to Dave R. Ashmore and Lillian R. Ashmore, which buyer assumes and agrees to pay." The deed further shows that it was executed on September 15 and recorded on October 28, 1960.

It was Hafford's position at the trial, and he contends here, that the assumption clause was inserted in the deed without his knowledge or permission and was therefore void. The substance of his evidence on this point was that he, the plaintiff, had instructed his attorney to prepare a deed for the Smiths' signatures, without any mention of the encumbrances and without any agreement whatever to assume payment of the obligations secured. The defendants were to call later at his attorney's office and execute the deed, which was then to be deliver-

ed to Hafford. Both the plaintiff and his attorney (who did not represent him at the trial) denied that they had authorized the insertion of any language imposing the obligation of either encumbrance on the grantees, and Hafford's testimony was that he had not noticed the assumption clause for some time after the execution of the deed when Ashmore had demanded the interest on his note, at which time Hafford, attempting to repudiate the transaction, had promptly filed suit. On the other hand, both the defendants and Ashmore testified unequivocally that they had received the deed from the scrivener with instruction, or at least permission, to insert an appropriate phrase showing assumption of both mortgages by the grantees, and that Hafford, upon being notified by telephone that there was no provision for assumption of the encumbrances in the deed as originally prepared, had readily consented to the insertion of an assumption clause. It is undisputed that the four lines complained of were inserted by an employee of the defendant Savings and Loan Association, a Mrs. Duffey, but beyond stating that it was customary to draw a deed in that manner where there was a mortgage against the property being sold, Mrs. Duffey could not recall the transaction.

Hafford then took possession of the real property, the trailer having been delivered about that time, and remained in possession for a matter of several months, possibly a year. During that time, both Hafford and Ashmore made several attempts to sell the property; there is some indication that Hafford made improvements, or did some work on the property during that time, and exhibited the house for sale regularly through a local real estate agency. It was shown that during the interval between September 15, 1960, when the exchange was made, and October 23, 1961, when the first deed of trust was foreclosed, Hafford made several payments on the first deed of trust, and, in his words, offered to pay "his part" of the interest due on the obligation secured by the second deed of trust. The defendants' furniture, which Hafford had stored in a warehouse, was discovered to be encumbered and was consequently redelivered to the defendants, upon their execution of a note for $350.00 to Hafford, and the defendants were still making payments on this note at trial time. During January, 1961, Hafford had repossessed the house trailer, since the Smiths had moved and were "showing no interest." The evidence will be further developed in connection with the questions presented.

The appellants first contend that the agreement to assume the mortgages [1] was violative of the Statute of Frauds, Section 432.010.[2] As we understand their brief, the appellants maintain that since the defendants testified to, and their evidence tended to establish, an oral contract to assume the indebtedness, the contract is unenforceable because the statute requires that a promise to assume the debt of another must be in writing.[3]

We are not at all sure that this point is germane to this appeal, for there is nothing in the record to indicate that the trial court based its judgment upon a finding of an oral contract to assume the mortgages. However, in our opinion there is substantial evidence in the record to support a finding that during the course of their preliminary negotiations, Hafford and the Smiths agreed that, in exchange for the defendants' conveyance of their equity of redemption in the land, and their

1. By this, we mean, of course, an agreement to assume the mortgage debt.

2. Except as otherwise noted, all references are to RSMo (1959) and V.A.M.S.

3. Present § 432.010 provides, as did Section 4 of the original Statute of Frauds, that "No action shall be brought * * * to charge any person upon any special promise to answer for the debt, default or miscarriage of another person * * * unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith * * *."

furniture, Hafford was to credit the defendants with a down payment on the house trailer and assume the mortgages. The evidence shows and the appellants, in their brief, concede that these preliminary dealings were had between Hafford and the Smiths, and that Ashmore, holder of the second mortgage, came into the matter subsequently.

In these circumstances, an oral promise by Hafford to assume the debts would not violate the Statute of Frauds. While that part of our statute (Section 432.010) which requires that a promise to answer for the debt of another be in writing appears in terms to apply to a promise made to anyone, it has been consistently held that no writing or other memorandum is required where the promise is made to the debtor himself and not to the creditor.[4] In this case, since any oral agreement to assume and pay the mortgages ran between Hafford, the grantee, and Smith, the mortgagor, it was not a promise to answer for the debt of another within the meaning of Section 432.010, and was not, as the appellants contend, unenforceable for that reason.[5]

The appellants next contend that the deed was never delivered or accepted, and as we understand their brief, it is their position that if the deed were delivered to and accepted by the plaintiffs, then the assumption agreement was inserted in the deed without plaintiffs' knowledge, and therefore the plaintiffs are not liable to the mortgagee.

As to the appellants' contention that there was never any delivery or acceptance of the deed, the record shows, and the trial court could have found, that the Smiths and the mortgagee, Ashmore, went to the office of Hafford's attorney on September 15, 1960, when the property was finally exchanged, and discovered that the deed made no provision for Hafford's assumption of the mortgages. Ashmore called Smith's attention to this and the deed was taken to the defendant Savings and Loan Association for the purpose of inserting an appropriate assumption clause. The trial court could have found that the deed was delivered to Smith and his wife either by the scrivener or his secretary. Ashmore testified that the deed was then left by the Smiths in custody of the defendant Savings and Loan Association for Hafford, at his specific direction, so the deed could be recorded and then delivered to the plaintiffs. It was, of course, Hafford's testimony that he had not received the deed for some time, and the record does show that some time elapsed between the execution of the deed and the time it was recorded, but if we understand his testimony, the plaintiff did not deny that he ever received the deed but only maintained that he did not examine it for a considerable period of time after receiving it, and that he then discovered the assumption clause, to which he had never agreed. It is not disputed that plaintiff immediately went into possession of the premises upon completion of the transaction, and retained possession for several

4. Howard v. Coshow, 33 Mo. 118, 123–124; Brown ex rel. Clardy v. Brown, 47 Mo. 130, 131–132; Hedden v. Schneblin, 126 Mo.App. 478, 485, 104 S.W. 887, 889. See also 3 Williston, Contracts, § 460, p. 389 (3rd ed. 1960); Restatement, Contracts, § 191; 49 Am.Jur. Statute of Frauds, § 83, pp. 439–40.

5. Nelson v. Brown, 140 Mo. 580, 588, 41 S.W. 960, 962; Van Meter v. Poole, 130 Mo.App. 433, 437, 110 S.W. 5, 6; Curlee v. Morris, 196 Ark. 779, 120 S.W.2d 10, 13–14 [4–5]; Enos v. Anderson, 40 Colo. 395, 93 P. 475, 476, 15 L.R.A.,N.S., 1087;

Woodburn v. Harvey, 107 Kan. 57, 190 P. 620, 621–622 [1, 2]; Anno., 15 L.R.A., N.S., 1087. See also 2 Jones, Mortgages, § 750, pp. 171–73; Osborne, Mortgages, § 255, p. 704; 3 Williston, Contracts, § 478, p. 460 (3rd ed. 1960); 2 Corbin, Contracts, § 403, p. 399; 49 Am.Jur. Statute of Frauds, § 83, pp. 439–40. There is a contrary statement found in Parsons v. Kelso, 141 Mo.App. 369, 125 S.W. 227, 228 (soundly decided on another point) which appears to be dictum, and is unsupported by the above-cited authority.

months, possibly a year, all the while attempting to sell the property through a local real estate agency.

We believe this point must be ruled against the appellants. While delivery is essential to the validity of a deed, it is not necessary that there be a manual delivery, and if a deed is signed, acknowledged, and placed in the custody of a third person for the benefit of the grantee, then the deed has been delivered and title passes, if that is the grantor's intent. Since in this case the trial court could have found that, with Hafford's consent, the deed was delivered to the Savings and Loan Association to be recorded and returned to him, and it could be inferred that it was the grantors' intent to pass title at the time the deed was executed and delivered for recordation, we believe there was a valid delivery. Haer v. Christmas, Mo., 312 S.W.2d 66, 69; Southern v. Southern, Mo., 52 S.W.2d 868, 870–871 [4–7]; Keener v. Williams, 307 Mo. 682, 704, 271 S.W. 489, 495 [5, 6]; Schooler v. Schooler, 258 Mo. 83, 91–92, 167 S.W. 444, 445–446 [1, 2]. What is more, both the delivery and acceptance of a deed may be established by indirect or inferential evidence. Our courts have said that acceptance of a deed may be shown by the acts and conduct of the grantee, Weigel v. Wood, 355 Mo. 11, 15, 194 S.W.2d 40, 41 [3–5], and have considered that possession and improvement of the premises conveyed indicate acceptance of the deed. Schooler v. Schooler, supra, 258 Mo. at 93, 167 S.W. at 446; Baker v. Baker, 363 Mo. 318, 326–327, 251 S.W.2d 31, 36–37 [8], 33 A.L.R.2d 1431. In those jurisdictions which have considered the effect of specific acts, it has been held that an offer by the grantee to sell the property after conveyance implies acceptance of the deed. Lyon v. Lyon, 70 Cal.App. 607, 233 P. 988, 991; Blodgett v. Snobble, 295 Mich. 374, 295 N.W. 192, 194

[6, 7]; Taylor v. Smith, 61 App.Div. 623, 71 N.Y.S. 160, 162. See generally, Anno., 74 A.L.R.2d 992, § 11, pp. 1017–18; § 12, p. 1020. In this case, Hafford was in possession of the deed at trial time. He had gone into possession of the premises immediately after the exchange of property was made, had exercised some continued dominion over the property for nearly a year, and had made repeated attempts to sell the property. We believe there was substantial evidence indicating his acceptance of the deed.

The appellants' other contention—that they are not liable if they did not specifically consent to have the assumption clause inserted in the deed—poses a somewhat more complex question. As we have said, the appellants placed considerable emphasis during the trial of this case upon the manner in which the deed was prepared. The whole force of their evidence was that the agreement to assume, or "covenant of assumption," was inserted in the deed without their knowledge and by fraud, and that if the deed was accepted, it was accepted without knowledge of the presence of the agreement to assume and without knowledge of its effect.

What the appellants are maintaining here, in substance, is that there is no basis for the court's judgment because there is no positive evidence that they were present at the time the deed was prepared, nor any unequivocal showing that they consented to the insertion of an assumption clause.

■ It may be generally stated that a purchaser who accepts and holds land under a deed reciting that he has assumed and agreed to pay an outstanding mortgage, subjects himself to personal liability on the mortgage. This is one way in which a contract of assumption may arise.[6]

6. Employers' Indemnity Corporation v. Garrett, 327 Mo. 874, 884, 38 S.W.2d 1049, 1053 [1, 2]; Fitzgerald v. Barker, 70 Mo. 685, 687–688; Llewellyn v. Butler, 186 Mo.App. 525, 531, 172 S.W. 413, 415; Wayman v. Jones, 58 Mo.App. 313, 318;

Saunders v. McClintock, 46 Mo.App. 216, 223; Annos. 5 L.R.A. 276, 6 L.R.A. 610, 611; 2 Jones Mortgages, § 752, pp. 177–79; 37 Am.Jur. Mortgages, § 994, pp. 323–24.

■ Admittedly, this rule is somewhat artificial—the contract of assumption is sometimes said to be "implied" in such cases —and if the assumption clause is inserted through fraud or mistake of the grantor or scrivener, or the deed is accepted by the grantee without knowledge of the assumption clause, then the grantee incurs no personal liability to the mortgagee. Acceptance and recording of the deed containing the assumption clause, without more, does not bind the grantee, though the deed may yet be effective as a conveyance of the land.[7] In other words, the principle that a party must be presumed to know the contents and meaning of a written instrument, which he takes as evidence of title, does not extend so far as to conclusively impose on the grantee of mortgaged lands a collateral personal liability for the mortgage debt founded upon a clause inserted in the deed without his knowledge and expressing an agreement which he has not made.

■ It is true, as the appellants complain, that where the deed expressly provides for the grantee's assumption of an outstanding mortgage, the application of these principles is rather narrowly limited by the parol evidence rule.[8] It appears that a grantee who wishes to controvert the provisions of a conveyance containing an express assumption clause, after accepting it, must resort to equity to do so, and he has the burden of proving non-assumption by clear and convincing proof. Employers'

Indemnity Corporation v. Garrett, supra, note 6, 327 Mo. at 884–887, 38 S.W.2d at 1053–1055.

■ However, in this case the plaintiffs brought their action as an action for reformation of the deed, or alternatively, for rescission, and the defendants joined issue with an affirmative cross-bill, pleading the plaintiffs' agreement to assume the outstanding mortgages and praying for general relief. The whole matter having been submitted in equity, the trial court was authorized to determine the whole controversy and render any judgment consistent with the pleadings. Rains v. Moulder, 338 Mo. 275, 284, 90 S.W.2d 81, 85 [8–10]; Eckhardt v. Bock, Mo.App., 159 S.W.2d 395, 400. Procedural matters aside, therefore, the real issue in this case was whether Hafford ever actually agreed to be bound, and the basic fact question for determination was whether he had comported himself so as to indicate his assent by his conduct, as well as his statements. Macy v. Day, Mo.App., 346 S.W.2d 555, 558; 1 Williston, op. cit. supra, note 4, § 22A, pp. 49–50.

■ We believe the record more than supports the trial chancellor's finding that Hafford did in fact consent to assume the outstanding encumbrances. Before the terms of the bargain were ever fully settled, the parties had discussed the mortgages; when Hafford suggested that the record title remain in Smith's name, Smith

7. Empire Trust Co. v. Hitchcock, 233 Mo. App. 581, 588–590, 123 S.W.2d 565, 568 [7]; La Monte Bank v. Crawford, Mo. App., 27 S.W.2d 762, 764 [3]; Duvall-Percival Trust Co. v. Corzine, Mo.App., 295 S.W. 851, 854; LaRue v. Bloch, 215 Mo.App. 501, 505, 255 S.W. 321, 322; Johnson v. Maier, 194 Mo.App. 169, 172, 187 S.W. 143, 144–145; Llewellyn v. Butler, supra, note 6, 186 Mo.App. at 531, 172 S.W. at 415. See generally, Annos. L.R.A.1918A 1003, 1004; 100 A.L.R. 911.

8. In this respect, the case at hand should be distinguished from those cases in which the conveyance recites that the land is taken "subject to" an outstanding encumbrance, or does not mention the encumbrance at all. In such cases, the covenant of assumption may generally be proved by parol. E. g., see McFarland v. Melson, 323 Mo. 977, 984–985, 20 S.W. 2d 63, 66–67 (agreement to assume may be shown by parol where conveyance states it is made "subject to" encumbrance, clear and convincing proof required); Bensieck v. Cook, 110 Mo. 173, 186, 19 S.W. 642, 645 (assumption may be shown by parol); Gilmer v. Powell, Mo.App., 256 S.W. 124, 125 (separate written agreement to assume encumbrances may be shown by parol); Grace v. Gill, 136 Mo.App. 186, 191, 116 S.W. 442, 444 (no provision for encumbrances; parol evidence admissible to show assumption).

stated that "he wouldn't do that under no condition"—Hafford was to assume the mortgages. It was the defendant Connie Smith's recollection that "Hafford agreed to assume everything and pay it. That was the only way we would make a deal with him." It was about this time that Hafford first called the mortgagee, Ashmore, to ascertain the amount of the mortgage due and to inquire if a discount could be obtained if the notes were paid at once, in cash. Later, after the negotiations between plaintiff and the Smiths had gone on for several days, Hafford again called Ashmore and said that "if he dealt" he, Hafford, would assume the mortgages. Thus, though the plaintiff categorically denied having such conversations with either the Smiths or Ashmore, the trial court could have found that, from the outset, it was contemplated by Hafford, the Smiths, and the mortgagee that Hafford would assume and pay the outstanding mortgages, and that prior to the execution of the deed, Hafford had agreed to do so. Other courts which have considered more or less similar situations have held that conversations made during preliminary negotiations, tending to show the grantee's assumption of an outstanding encumbrance, may be considered as evidence of his intent to do so, even though the conversations are flatly denied by the grantee. Seeger v. Manifold, 210 Iowa 683, 231 N.W. 479, 481–482; Bradbury v. Thomas, 135 Cal.App. 435, 27 P.2d 402, 404–405 [3, 4]. What is more, Hafford's conduct with respect to the existing mortgages indicates that he not only recognized them as valid, but shows to some extent that he considered them as binding on him. The plaintiff not only requested that Ashmore "take it easy" on the second deed of trust after the exchange was made, but tendered a part of the interest due, and indicated his willingness to pay "his part" of the accrued interest. Plaintiff himself stated that he had made one or more payments to the defendant Savings and Loan Association on the note secured by the first deed of trust. In our view, both the request for special consideration from Ashmore and the plaintiff's recognition, at various times, of the validity of the mortgages, and his payment of the interest on one and principal on another, indicate indirectly his assent to be bound by the covenant of assumption. Strange v. Maloney, 178 Okl. 65, 61 P.2d 725, 726–727; McRae v. Pope, 311 Mass. 500, 42 N.E.2d 261, 265 [7]; Henry v. Coe, 200 Ark. 44, 137 S.W.2d 897, 898 [2, 3]. Considered with the other circumstances of this case, particularly the fact that the plaintiff Curtis Hafford so obviously had the advantage of his bargain for nearly a year before disclaiming it, the evidence not only fails to establish clearly and convincingly that the assumption clause was inserted by fraud or mistake, but rather shows a course of conduct entirely consistent with Hafford's agreement to assume the outstanding mortgages. On the other hand, we agree with the trial court that there is no evidence connecting defendant Virginia Hafford with the transaction at all and, in our view, she is not bound by the assumption clause. La Monte Bank v. Crawford, supra, note 7, 27 S.W.2d at 764. It is true that the evidence is in conflict but it is our duty to defer to the trial chancellor's finding unless it is clearly erroneous. Rule 73.01(d), V.A.M.R. We cannot say in this case that it is.

Appellants further maintain that as a prerequisite to any liability on Hafford's part, Ashmore must first maintain an action on the mortgage note secured by the second deed of trust. There is no need to lengthen this opinion further by elaborating on the divergent views concerning the nature of the legal relationship between the mortgagor and assuming grantee. Possibly that legal relationship cannot be precisely defined in any manner beyond all controversy.[9] However, here we are concerned

9. 4 American Law of Property, § 16.131, pp. 304–07; See generally id., § 16.132–16.135, pp. 307–16; 2 Glenn, Mortgages, § 268, 268.1, pp. 1178–1181; Warm. Rights and Liabilities of Mortgagee, Mortgagor, and Grantee, 10 Temple L.Q. 116.

with the mortgagee's right to proceed directly against the assuming vendee as the principal debtor. Whether the relation between mortgagor and assuming grantee be considered one of suretyship, or a simple third-party beneficiary contract, the mortgagee may proceed directly against the vendee. Crone v. Stinde, 156 Mo. 262, 269–270, 55 S.W. 863, 864, 56 S.W. 907; Nelson v. Brown, 140 Mo. 580, 590, 41 S.W. 960, 962; Gerardi v. Christie, 148 Mo.App. 75, 91, 127 S.W. 635, 639. The mortgagee's action is on the covenant, not on the note. Phoenix Trust Co. v. Garner, 227 Mo.App. 929, 932, 59 S.W.2d 779, 780 [3].

Finally, our jurisdiction is incidentally challenged. It is our duty to inquire independently if we have jurisdiction, whether or not the question is raised by the parties. Taney County v. Addington, Mo. App., 296 S.W.2d 129 [1]. In the case at hand, the plaintiff, Hafford, seems to have admitted that the liens were valid in their inception for he has made payments on the principal in one case and has tendered part of the accrued interest in another. In fact, the whole purpose of the plaintiffs' action was simply to avoid the obligation of the note secured by the second deed of trust, and therefore no question of title was directly involved. Boesel v. Perry, Mo., 262 S.W.2d 636, 637–638 [4].

The judgment is affirmed.

All concur.